# Exhibit A

20SMCV00617

Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Craig Karlan

Electronically FILED by Superior Court of California, County of Los Angeles on 04/23/2020 08:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariscal,Deputy Clerk

FRANK GOOCH III (CA Bar No. 70996)
  Fgooch@cozen.com
COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, California 90401-1000
Telephone:  (310) 393-4000
Facsimile:  (310)394-4700

JAMES A. GALE (FL Bar No. 371726) (*Pro Hac Vice* pending)
  jgale@cozen.com
SAMUEL A. LEWIS (FL Bar. No. 55360) (*Pro Hac Vice* pending)
  slewis@cozen.com
DAVID M. STAHL (FL Bar. No. 84713) (*Pro Hac Vice* pending)
  dstahl@cozen.com
COZEN O'CONNOR
200 South Biscayne Blvd., Suite 3000
Miami, Florida  33131
Telephone:  (305) 358-5001

Attorney for Plaintiffs
*Legacy Insurance Solutions LLC and*
*Bradley Tierney*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, WEST DISTRICT

| | |
|---|---|
| LEGACY INSURANCE SOLUTIONS LLC, a California limited liability company, and BRADLEY TIERNEY an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ABS HEALTHCARE SERVICES, LLC, a Florida limited liability company, and HEALTH OPTION ONE, LLC, a Florida limited liability company. and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT FOR:**<br>**(1)  DECLARATORY RELIEF;**<br>**(2)  UNFAIR COMPETITION (CALIF. BUS. & PROF. CODE § 17200); AND**<br>**(3)  COMMON LAW UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Legacy Insurance Solutions LLC ("Legacy Insurance") and Bradley Tierney ("Tierney") (collectively, "Plaintiffs"), for their Complaint against defendants ABS Healthcare Services, LLC and Health Option One, LLC (collectively, "Defendants"), allege as follows:

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

**INTRODUCTION**

1.       This is an action for unfair competition pursuant to California's Unfair Competition Law (Bus. & Prof. Code § 17200); unfair competition pursuant to common law and declaratory relief pursuant to Civ. Proc. Code § 1060 and California Business and Professions Code § 16600.

2.       Plaintiffs are seeking to resolve an actual controversy with Defendants regarding the rights and obligations of the parties relating to, and arising from Defendants' Independent Agent or Agency of Record Agreement ("Independent Agent Agreement") entered into between Tierney and Defendants.

3.       Specifically, Defendants contend that Tierney signed an Independent Agent Agreement even though Tierney was never an employee or independent contractor of Defendants. Rather, Tierney had a relationship with an insurance agency which in turn had a contractual relationship with Defendants.

4.       Despite the fact that Tierney is a California resident and the fact that Legacy Insurance is a California limited liability company with California employees, Defendants have taken the position that under the Independent Agent Agreement that Tierney should be refrained from engaging in a lawful profession, trade, or business that is in any way competitive with Defendants' business despite the fact that Tierney has long since terminated his relationship with the agency of record that was marketing Defendants' products and despite the fact that Tierney has not knowingly solicited any of Defendants' customers nor has Tierney used or disclosed any of Defendants' confidential information, nor does Tierney have any recollection of even signing the Independent Agency Agreement. Defendants have also affirmatively claimed that any businesses such as Legacy Insurance which employs Tierney would be improperly interfering with the Independent Agent Agreement by hiring Tierney, even though neither Tierney nor Legacy Insurance have taken or used any of Defendants' proprietary information.

5.       Accordingly, this dispute involves whether Tierney can be legally restricted, pursuant to the overly broad and onerous terms of the restrictive covenants in the Independent Agent Agreement which Defendants contend Tierney signed, from engaging in a lawful profession, trade, or business, and whether Legacy Insurance has acted properly in its relationship with Tierney.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

6. This dispute also involves whether Plaintiffs can conduct business with other insurance agents who have previously worked for agencies that sold Defendants' products, notwithstanding Defendants' act or practice of requiring the independent agents, and other similarly situated individuals, to sign such overly broad restrictive covenants, and whether threats by Defendants against Tierney constitute unfair competition.

### The Parties, Jurisdiction, and Venue

7. Plaintiff Legacy Insurance, a California employer, is a California limited liability company with its principal place of business in Los Angeles, California. Legacy Insurance's 18 employees are all California residents.

8. Plaintiff Tierney is a resident of California.

9. Defendant, ABS Healthcare Services, LLC, is a Florida limited liability company that is licensed by the State of California to solicit insurance business in this state and which in fact does solicit insurance business in this state.

10. Defendant, Health Option One, LLC, is a Florida limited liability company that is licensed by the State of California to solicit insurance business in this state and which in fact does solicit insurance business in this state.

11. On information and belief, both Defendants have customers and prospective customers in Los Angeles, County and Defendants in part are seeking to preclude Defendants from contacting any of those customers (and even non-customers) in Los Angeles, County.

12. The Court has personal jurisdiction over Defendants and subject matter jurisdiction over this case.

13. Venue is proper in Los Angeles County, California, where Defendants seek to restrain Plaintiffs from engaging in a lawful possession, trade, or business.

### GENERAL ALLEGATIONS

### Tierney and the Independent Agent Agreement

14. Tierney formerly had a relationship with an insurance agency, Priority One Health. Priority One Health in turn had a business relationship with Defendants.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

15.    Defendants contend that on or about January 4, 2016, Tierney executed the Independent Agent Agreement.   Attached as Exhibit "A" is a copy of the Independent Agent Agreement which Defendants contend was signed by Tierney.

16.    Defendants never paid Tierney the marketing fees on the sale of association memberships or insured policies as stated in the Independent Agent Agreement.  The only payments that Tierney received for the sale of association memberships or insurance policies during the time he had a relationship with Priority One Health were payments made by Priority One Health.

17.    Similarly, Defendants never funded Tierney's "agency licenses in various states," which was the stated consideration for the Independent Agent Agreement.

18.    The Independent Agent Agreement provides in pertinent part:

"AGENT OR AGENCY OF RECORD understands and agrees that the relationships between ICD, its customers, benefit providers, carriers, agencies and/or agents are unique, and *__agrees to not contact those customers, benefit providers, carriers, agencies and/or agents for commercial purposes other than on behalf of ICD for the entire term of this Agreement and for a period of twenty-four months upon termination of the this Agreement__*.  AGENT OR AGENCY OF RECORD further agrees that if AGENT OR AGENCY OF RECORD violates this Paragraph, then ICD has no remedy at law and may pursue its equitable remedies including specific performance, injunctions and restraining orders in any court of competent jurisdiction.

XIII. NON-SOLICITATION

A. AGENT OR AGENCY OF RECORD shall not induce or attempt to induce any benefit providers, carriers, customers, employees, licensed agents, representatives, agencies of record and/or any agents of record to discontinue their association with ICD.

B. ICD shall not induce or attempt to induce any customers, employees, agents and/or representatives, agencies of record and/or agents of record to discontinue their association with AGENT OR AGENCY OF RECORD.

COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401

4

COMPLAINT

1   Exhibit A, XII.F, XIII (emphasis added).

2       19.    The Addendum to the Independent Agent Agreement provides in pertinent part:

3       4. In consideration for ICD funding AGENT OR AGENCY OF RECORD's agency

4   licenses in various states, the AGENT OR AGENCY OF RECORD *__agrees to sell__*,

5   offer for sale, obtain leads for sale to, contact and/or attempt to contact potential

6   insured(s) for health insurance, life insurance and/or association products *__exclusively__*

7   *__on behalf of ICD__* and/or any company affiliated with ICD and *__shall not sell for any__*

8   *__other individual or entity in accordance with the provisions of the Agreement and__*

9   *__this Addendum__*.

10   . . . .

11       7. The AGENT OR AGENCY OF RECORD *__agrees that it nor its__* officers, directors,

12   related employees and/or agents *__shall compete with the known business of ICD or__*

13   *__its affiliated companies__* during the term of this Agreement.  AGENT OR AGENCY

14   OF RECORD further understands and agrees that the relationships between ICD and

15   any affiliated and/or related company and its customers, employees and AGENT OR

16   AGENCY OF RECORDS are unique and *__agrees to not contact any ICD customer__*

17   *__or any and all affiliated company's customer, employee and/or AGENT OR__*

18   *__AGENCY OF RECORD__* for commercial purposes other than on behalf of ICD or

19   any affiliated and/or related company *__for a period of twelve (12) months from the__*

20   *__date of termination of ICD's affiliation with AGENT OR AGENCY OF RECORD__*.

21   *Id.*, Addendum at p. 16.

22   **Defendants Wrongfully Accuse Tierney of Violating the Independent Agent Agreement**

23       20.    Tierney terminated his relationship with Patriot One Health in 2016.  Subsequently,

24   Tierney never marketed an of Defendants' products.

25       21.    In 2017, Tierney moved to California.

26       22.    Tierney did not take any confidential or trade secret information belonging to

27   Defendants and has not used or disclosed any such confidential or trade secret information, let alone

28   to or for the benefit of Legacy Insurance.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

23.     Defendants never even disclosed any confidential or trade secret information to Tierney in the first place.  To the best of his knowledge, no one else has disclosed Defendants' confidential or trade secret information to him.

24.     Neither Tierney nor any of Legacy Insurance's employees (all of whom are California residents) are knowingly targeting or selling to ICD customers.

25.     To the extent that Tierney actually signed the Independent Agent Agreement, Tierney has fully complied, and fully intends to comply, with any *legally enforceable* restrictions set forth in the long-since terminated Independent Agent Agreement.

26.     Nevertheless, by letter dated April 4, 2020 and sent via Federal Express to Tierney's California residence and to Legacy Insurance's principal business address, attached hereto as Exhibit B, Defendants informed Tierney and Legacy Insurance that:

> This will provide you with official notice pursuant to your agreement dated January 4, 2016, that you are in violation and breach of such agreement, including of section four of the Addendum thereof. As provided in the agreement, we are available for the next 10 days to discuss an amicable resolution of your violation and breach.

Ex. B.

27.     Section four of the Addendum to the Independent Agent Agreement purports to require Tierney to sell "health insurance, life insurance and/or associated products" exclusively for Defendants and no one else.

28.     Moreover, given that more than three years have passed since Tierney terminated his relationship with the agency that was selling health insurance, life insurance, and/associated products on behalf of Defendants, it is clear that Defendants have taken the position that this restriction that Tierney cannot sell any products that are competitive to ICD's products is a covenant that precludes Tierney from ever engaging in his chosen profession unless he does so for the benefit of Defendants.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

## COUNT ONE – DECLARATORY RELIEF

29. Plaintiffs hereby restate the allegations set forth in Paragraphs 1 through 28, as if fully set forth herein.

30. Even though he has no recollection of ever signing the agreement, Tierney has adhered to the valid terms of the Independent Agent Agreement throughout and subsequent to the valid term of that agreement, including honoring any and all obligations to maintain any confidential and trade secret information belonging to Defendants that may have been disclosed to him.

31. Those terms that are invalid and overly broad, however, are hindering Tierney's ability to engage in his chosen lawful profession, trade, or business in violation of California law and any other allegedly applicable state law.

32. Given Tierney's relationship with Legacy Insurance and Defendants' position that Tierney is obligated to sell exclusively for Defendants even years after the Independent Agent Agreement terminated, Defendants' conduct is also hindering Legacy Insurance's right to engage in a lawful business, its rights as an employer of California employees, and the rights of Legacy Insurance's employees to engage in their chosen lawful profession, trade or business.

33. The restrictive covenants in the Independent Agent Agreement constitute illegal restraints of trade in the State of California and are void against the applicable public policy of the State of California, or any other allegedly applicable state laws and policies.

34. Plaintiffs seek a declaratory judgment that restrictive covenants in the Independent Agent Agreement are void against the applicable public policy and that Tierney's activities on behalf of Legacy Insurance are not in breach of any valid restraint in the Independent Agent Agreement.

35. Plaintiffs seek a declaratory judgment that Legacy Insurance is not wrongfully interfering with any legally enforceable aspects of the Independent Agent Agreement, and that Legacy Insurance's conduct is justified or privileged.

36. Among other things, paragraphs XII and XIII of the agreement, and sections 4 and 7 of the Addendum are facially invalid under Business and Professions Code §16600.

37. Additionally, the definition of "Confidential Information" in Paragraph XII and in the Mutual Non-Disclosure Agreement extends to matters far beyond the definition of trade secrets.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1   Accordingly, paragraph XII as a whole and the Mutual Non-Disclosure Agreement when coupled
2   with the overly broad definition of "Confidential Information" are facially invalid under California
3   Business and Professions Code §16600.

4       38.   Defendants have created an actual and justiciable controversy between Plaintiffs and
5   Defendants by threatening legal action against Plaintiffs as a result of Tierney selling insurance
6   related products on behalf of Legacy Insurance rather than for Defendants.

7       39.   Legacy Insurance intends to lawfully compete against Defendants for business, both
8   through Tierney, and other possible new employees or independent contractors that may have
9   executed independent agent agreements with Defendants in the past.   As a result, Plaintiffs have a
10   reasonable belief that Defendants are seeking to interfere with their business relationship and with
11   Tierney's right to engage in his chosen lawful profession, trade, or business by attempting to enforce
12   the unlawful restrictive covenants, unduly limiting the Plaintiffs' activities and impairing their rights
13   to compete fully and fairly in California.

14       40.   For these reasons, Plaintiffs are uncertain and insecure with respect to their rights.

15       41.   This controversy necessities a determination of this dispute to protect the Plaintiffs
16   from the uncertainty and insecurity described above.

17       42.   The ends of justice require a declaratory judgment that the restrictive covenants in
18   the Independent Agent Agreement are overly broad and unenforceable under applicable California
19   law or any other allegedly applicable state law, and constitute illegal restraints of trade.

20       43.   If the overly broad post-employment restrictions are enforced, trade will be
21   unlawfully restrained, Tierney will suffer irreparable harm and be denied his right to work freely in
22   his chosen field to which he has devoted significant time and training, Legacy Insurance will be
23   irreparably harmed by the inability to work with Tierney who is one of Legacy Insurance's insurance
24   agents of record, and Legacy Insurance's California employees will suffer irreparable harm and be
25   denied their right to work freely in their chosen field.

26       44.   Plaintiffs respectfully request a declaratory judgment providing a declaration of the
27   rights and legal relations between the parties and holding that the restrictive covenants in the
28

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1 | Independent Agent Agreement are overly broad and unenforceable under applicable California law
2 | or any other allegedly applicable state law and constitute illegal restraints of trade.

3 | ## COUNT TWO – UNFAIR COMPETITION

4 | **(Bus. & Prof. Code §§ 17200 *et seq.*)**

5 | 45.     Plaintiffs hereby restate the allegations set forth in Paragraphs 1 through 28, as if
6 | fully set forth herein.

7 | 46.     This count for unfair competition is brought to find and declare that Defendants' act
8 | of requiring Tierney and similarly situated independent insurance agents, to sign the Independent
9 | Agency Agreement constitutes unfair competition in violation of, *inter alia*, Business and
10 | Professions Code Section 17200, California's Unfair Competition Law.

11 | 47.     It violates California's Unfair Competition Law for Defendants to require
12 | independent agents, such as Tierney, to sign an agreement containing facially invalid or overly broad
13 | restrictive covenants.

14 | 48.     As companies that are licensed to solicit insurance business in California, Defendants
15 | should be required to comply with California law, including California's Unfair Competition Law.
16 | The fact that Defendants' principal place of business is in another state does not permit Defendants
17 | to violate California's public policies while reaping the benefits of being licensed to market and sell
18 | insurance products in the State of California.

19 | 49.     The unfair competition injures Defendants' downstream competitors, such as Legacy
20 | Insurance, by reducing the field, or trying to reduce the field, of qualified insurance agents who
21 | could work for a competitor without breaching any valid agreement.

22 | 50.     Plaintiffs have lost money or property as a result of the unfair competition. Plaintiffs
23 | have had to expend time, energy and money, including but not limited to out-of-pocket payment of
24 | costs and expenses, towards investigating and defending their rights in response to Defendants'
25 | unfair competition.

26 | 51.     Plaintiffs have no adequate remedy at law. Accordingly, Defendants' conduct of
27 | requiring Tierney, and similarly situated employees, to sign agreements containing facially invalid
28 |

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1  and/or overly broad restrictive covenants should be enjoined, along with ancillary conduct that

2  improperly restrains competition.

3  ### COUNT THREE – UNFAIR COMPETITION

4  #### (Pursuant to California Common Law)

5      52.    Plaintiffs hereby restate the allegations set forth in Paragraphs 1 through 28, as if

6  fully set forth herein.

7      53.    This count for unfair competition is brought to find and declare that Defendants' act

8  of requiring Tierney and similarly situated independent insurance agents, to sign the Independent

9  Agency Agreement as a condition of Defendants continuing their business relationship with

10  agencies with whom the independent agent has a relationship constitutes unfair competition in

11  violation of California's common law.

12      54.    It constitutes common law unfair competition for Defendants to require independent

13  agents, such as Tierney, to sign an agreement containing facially invalid or overly broad restrictive

14  covenants.

15      55.    The unfair competition injures Defendants' downstream competitors, such as Legacy

16  Insurance, by reducing the field, or trying to reduce the field, of qualified insurance agents who

17  could work for a competitor without breaching any valid agreement.

18      56.    Plaintiffs have suffered damages in an amount according to proof at trial, and

19  Plaintiffs will continue to suffer damages, and thus have no adequate remedy at law, if the unfair

20  competition is not enjoined. Accordingly, Defendants' conduct of requiring Tierney, and similarly

21  situated insurance agents, to sign agreements containing facially invalid and/or overly broad

22  restrictive covenants should be enjoined, along with ancillary conduct that improperly restrains

23  competition.

24  ### PRAYER FOR RELIEF

25      **WHEREFORE**, Plaintiffs request a judicial declaration and judgment as follows:

26      A.    A declaration that (a) the restraints of trade in Defendants' Independent Agency

27          Agreement, including without limitation the covenant not to compete, the non-

28          solicitation covenants, and choice-of-law provisions appended thereto, are void and

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1    unenforceable; (b) Tierney may continue to work in his chosen profession and sell

2    products that are competitive with products sold by Defendants; (c) Plaintiffs have

3    not violated any contractual, statutory or common law duty or obligation owed to

4    Defendants; and (d) Defendants are obligated to comply with Business and

5    Professions Code section 16600 and 17200 and may not evade California's sovereign

6    authority to regulate trade in California by imposing choice-of-law or forum

7    selection clauses in its independent agency agreements with California residents or

8    with those engaged in business in California;

9    B.    A preliminary and permanent injunction as necessary and appropriate to effectuate

10   the declaratory judgment and prevent the subject unfair competition.

11   C.    A preliminary and permanent injunction against Defendants including their officers,

12   agents, servants, employees and attorneys, and those in active participation with them

13   or Defendants, restraining and enjoining them from: (a) commencing or taking any

14   action, other than in this court, the Superior Court of the State of California for the

15   County of Los Angeles, to enforce any post-termination restrictive covenants against

16   Tierney, or to otherwise restraining him from working in his chosen profession; (b)

17   commencing or taking any action, other than in this Court, the Superior Court of the

18   State of California for the County of Los Angeles, against Legacy Insurance relating

19   to Legacy Insurance hiring of any independent agents who executed an independent

20   agent agreement with Defendants on the grounds that said agent violated any post-

21   termination covenant not to compete, obligation of confidentiality, law of unfair

22   competition, or any other law regarding restraint of trade: (c) taking any action, other

23   than in this Court, the Superior Court of the State of California for the County of Los

24   Angeles, against Plaintiffs, or any of them, to restrict competition or employment on

25   the ground that any Plaintiffs are in possession of trade secret or confidential

26   information belonging to Defendants, and would "inevitably" use or disclose such

27   information or would undertake some other action that should prevent competition;

28   and (d) interfering in any way with the respective business relationships between

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1    Legacy Insurance and Tierney in violation of Business and Professions Code sections

2    16600 and 17200.

3  D.    A judgment awarding Plaintiffs damages in an amount to be determined.

4  E.    A judgment awarding Plaintiffs their attorney's fees as permitted by law.

5  F.    A judgment awarding Plaintiffs their costs and disbursements as permitted by law.

6  G.    A judgment awarding Plaintiffs such other and further relief as this Court deems just

7    and proper.

8

9  Dated:   April 23, 2020                    COZEN O'CONNOR

10

11                                   By: _____

12                                       Frank Gooch III
                                         Attorneys for Plaintiffs
13                                       *Legacy Insurance Solutions LLC and*
                                         *Bradley Tierney*
14

                            **DEMAND FOR JURY TRIAL**
15

16    Plaintiffs hereby request a jury trial on all issues to the extent permitted by law.

17

18  Dated:   April 23, 2020                    COZEN O'CONNOR

19

20                                   By: _____

21                                       Frank Gooch III
                                         Attorneys for Plaintiffs
22                                       *Legacy Insurance Solutions LLC and*
                                         *Bradley Tierney*

23

24

25

26

27

28

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I have read the foregoing **VERIFIED COMPLAINT FOR DECLARATORY RELIEF, UNFAIR COMPETITION (CALIF. BUS. & PROF. CODE § 17200) and COMMON LAW UNFAIR COMPETITION** and know its contents.

I am the Managing Member of Legacy Insurance Solutions LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  The factual matters stated in the foregoing document relating to Legacy Insurance Solutions LLC are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 23rd, 2020 at Santa Monica, California.

Bradley Tierney, Managing Member

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

**VERIFICATION**

I, Bradley Tierney, am a Plaintiff in the above-entitled action. I have read the foregoing **VERIFIED COMPLAINT FOR DECLARATORY RELIEF, UNFAIR COMPETITION (CALIF. BUS. & PROF. CODE § 17200) and COMMON LAW UNFAIR COMPETITION** and know the contents thereof.  The factual matters stated in the foregoing document relating to me is true of my own knowledge, except as to those matters which are therein stated on information and belief and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 23rd day of April, 2020 at Santa Monica, California.

_____
Bradley Tierney

# Exhibit A

## INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

This agreement ("AGREEMENT") is by and between ABS HEALTHCARE SERVICES, INC. / HEALTH OPTION ONE, INC. DBA INSURANCE CARE DIRECT (HEREINAFTER "ICD") with their primary place of business located at 1002 E. Newport Center Drive, Suite 200, Deerfield Beach, FL 33442 and _Bradley Tierney_ ("AGENT OR AGENCY OF RECORD" defined as an individual or corporation, licensed in every state in which he/she or it sells), located/residing at _2425 E. Commercial Blvd Suite 203A_ , (collectively "Parties).
_Fort Lauderdale, FL 33308_

**I.   EFFECTIVE DATE**

The effective date of this Agreement shall be the date the last party to this Agreement executes the same.

**II.   TERM**

This Agreement shall commence on the Effective Date stated in Paragraph I herein above and shall terminate one year from the Effective Date.   This Agreement shall automatically renew, unless terminated in accordance with Paragraph VI herein below.

**III.   AUTHORIZED SERVICES PROVIDED BY AGENT OR AGENCY OF RECORD**

A.   ICD authorizes AGENT OR AGENCY OF RECORD to solicit, procure, qualify, verify, transmit applications and to perform such other functions as may reasonably be required in order to sell the ICD Product.

B.   AGENT OR AGENCY OF RECORD is not authorized on behalf of ICD to:  incur any liability; make, waive, alter, endorse or discharge contracts or any terms thereof; bind any application for, or policy of, insurance; endorse checks payable; deliver any policy; extend the time for any payment of monthly rate; waive forfeitures; name special rates; or bind ICD to any contract, in any way.  Unless authorized in writing, AGENT OR AGENCY OF RECORD shall not collect any monies due, or to become due, except for the collection of initial monthly premiums and one time enrollment fee.

C.   AGENT OR AGENCY OF RECORD is an independent contractor for all purposes and not an employee of ICD. AGENT OR AGENCY OF RECORD has full control of its time and the right to exercise independent judgment as to the time, place and manner of performing services, except that it shall conform with all benefit provider guidelines, carrier guidelines, ICD's rules and regulations, as well as all federal, state and local laws, rules, regulations and ordinances, wherever applicable.

D.   Neither AGENT nor AGENCY OF RECORD nor any person or persons acting on behalf of the AGENT OR AGENCY OF RECORD shall contact the carrier or benefit provider for any reason.

**IV.   TERRITORY**

AGENT OR AGENCY OF RECORD shall maintain all required licenses in all jurisdictions in which the agent is conducting business on behalf of ICD and shall comply with any and all applicable federal, state, or local laws, rules, regulations or ordinances affecting its operations.  All agents and/or sub agents selling ICD on behalf of ICD and

1

16

**INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT**

compensated by AGENT OR AGENCY OF RECORD's entity shall be licensed and appointed in their resident state and shall have all non-resident licenses and appointments required by the carrier and/or various state laws. No agent compensated by AGENT OR AGENCY OF RECORD shall be permitted to market ICD on behalf of ICD in any state in which the agent is not licensed and appointed in accordance to federal, state and/or local law or ordinance. AGENT OR AGENCY OF RECORD is granted the exclusive right to sell on behalf of ICD in said jurisdictions.

V.   **COMPENSATION**

A.   AGENT OR AGENCY OF RECORD shall be paid marketing fees on sale of association memberships or insurance policies in accordance with the schedules set forth by ICD, attached hereto and incorporated by reference as Schedule A, including any addendums.

B.   Marketing fees shall be paid to AGENT OR AGENCY OF RECORD on Friday of each week for business written the prior week. A week shall commence on Monday and end on Sunday.

C.   If the carrier or credit card company returns or charges back a premium ("chargeback") or any portion thereof for any reason; the Marketing fees paid on sale of association shall be deducted from AGENT OR AGENCY OF RECORD's Marketing fees paid. Based on returns or chargebacks, AGENT OR AGENCY OF RECORD may accrue a debt. ICD may offset any debt owed by AGENT OR AGENCY OF RECORD to ICD against any amount owed by ICD to the AGENT OR AGENCY OF RECORD.

D.   If ICD, in its discretion, finds it necessary to respond to any litigation or any dispute with any governmental Agency that arises based on the conduct of the AGENT OR AGENCY OF RECORD or any person acting on behalf of the AGENT OR AGENCY OF RECORD then AGENT OR AGENCY OF RECORD shall be responsible for one hundred percent (100%) of all attorney's fees and costs, as well as any fines assessed against ICD. AGENT OR AGENCY OF RECORD shall be further responsible for one hundred percent (100%) of all costs and attorney fees relating to any appeal taken from assessment of said fines. Said fines arising from such litigation or dispute with any governmental Agency may be offset by present or residual Marketing fees paid on sale of association memberships earned. If said present or residual marketing fees do not totally offset fines assessed against ICD due to AGENT OR AGENCY OF RECORD's conduct or the conduct of any person acting on behalf of AGENT OR AGENCY OF RECORD, then residual Marketing fees may be applied until such time as all applicable fines for which the AGENT OR AGENCY OF RECORD is responsible for are paid in full.

VI.  **TERMINATION**

A.   This Agreement may be terminated at will by either party herein, with sixty (60) days' notice, by written notice of the election to terminate, hand delivered, sent via overnight mail or mailed by certified mail, return receipt requested, to the other party at the last known address as stated herein above. Said notice shall be effective on the date on which said termination notice is sent or mailed to the

2

## INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

other party.

B.   ICD may terminate this Agreement, for cause, at any time and without notice, if AGENT OR AGENCY OF RECORD commits acts including, but not limited to one or more of the following:

   1.   Failing to comply with any of the provisions of this Agreement, or

   2.   Acts contrary to the law, or commits a felony, act of fraud or willful misconduct in any matter related to this agreement, or

   3.   Inducing or attempting to induce any employees, agents, or representatives of ICD to discontinue their association with ICD, or

   4.   Inducing or attempting to induce any party to relinquish a policy or contract with ICD or

   5.   Generating escalated member complaints or 3rd party investigations resulting in negative press, business interruption, cease and desist orders, legal action or otherwise, in any way, damaging the goodwill of ICD or the reputation of ICD products, or

   6.   Failing to comply with any benefit provider guidelines, carrier guidelines, ICD's rules, regulations or company policies or federal, state or local laws governing the industry or applicable to the terms of this Agreement, or

   7.   Any violation relating to the replication of ICD's website, proprietary software and/or systems, or

   8.   Failing to implement and transmit daily one hundred percent of the voice recording of the insurance application verification to ICD; or

   9.   Failing to represent accurately, to one or more consumers, ICD Plans sold on behalf of ICD.

C.   This Agreement shall automatically terminate, immediately and without prior notice, upon the occurrence of one or more of the following: (i) the dissolution of the partnership, if the AGENT OR AGENCY OF RECORD is a partnership, or (ii) the dissolution of the corporation, if the AGENT OR AGENCY OF RECORD is a corporation, or (iii) the sale or merger of the AGENCY OF RECORD, or (iv) the assignment of this agreement by AGENT OR AGENCY OF RECORD without the prior written consent of ICD, or (v) the licensed principal terminates his or her relationship with the AGENT OR AGENCY OF RECORD, or (vi) one or more of the AGENT OR AGENCY OF RECORD's licenses is I are suspended or revoked by any regulatory authority and there is no replacement of a licensed AGENT OR AGENCY OF RECORD named within ten (10) days, or (vii) the corporate entity or the AGENT OR AGENCY OF RECORD invokes any form of federal bankruptcy jurisdiction or state jurisdiction for receivership, liquidation, or conservatorship.

D.   Upon termination of this Agreement, the AGENT OR AGENCY OF RECORD

## INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

shall immediately pay all sums due to ICD and shall deliver to ICD all rate books; letters, records, supplies, and any such related items connected with ICD's business.

E.   If this Agreement is terminated for any reason, any monies that are due to the AGENT OR AGENCY OF RECORD shall be held by ABS for up to 90 days. During that period, ABS shall perform a final accounting and reconciliation, including chargebacks, and issue commissions due to AGENT OR AGENCY OF RECORD following such review..

F.   ICD may, in its sole discretion, suspend or terminate this Agreement, temporarily or permanently by revoking the AGENT OR AGENCY OF RECORD's authority to represent it, during any reasonable period of investigation to determine whether conditions exist to warrant temporary or permanent termination of residual Marketing fees paid on sale of association memberships for cause.  The AGENT OR AGENCY OF RECORD shall reasonably cooperate with ICD in any such investigation, to include producing necessary documents and providing any other information requested.

### VII.   SUSPENSION

In the event INDEPENDENT MARKETER becomes the subject of a regulatory or other legal investigation or allegation, ABS has the right to suspend INDEPENDENT MARKETER until such time as the issues are resolved or a final determination rendered. Suspension can include suspension of INDEPENDENT MARKETER'S right to sell in one or more states during the suspension period.

### VIII.   ASSIGNMENT

A.   The AGENT OR AGENCY OF RECORD may not assign this Agreement without the prior written consent of ICD.  ICD may assign this Agreement at will, without the consent of the AGENT OR AGENCY OF RECORD.

B.   AGENT OR AGENCY OF RECORD may only assign compensation, or any portion thereof due or to become due to AGENT OR AGENCY OF RECORD, to another licensed agent or corporate entity, licensed as required in any and all jurisdictions requiring licensure in which the AGENT OR AGENCY OF RECORD is selling and such corporate entity may not be committed to another association or carrier.  AGENT OR AGENCY OF RECORD may not assign its duties and obligations under this Agreement.  AGENT OR AGENCY OF RECORD shall inform ICD of any assignment within two (2) business days of said assignment. Any assignment shall be subject to provisions of law, and shall be subordinate to any and all indebtedness of the AGENT OR AGENCY OF RECORD to ICD, then or thereafter existing.

### IX.   INDEBTEDNESS

Any debt the AGENT OR AGENCY OF RECORD owes to ICD shall be payable at ICD's home office.  ICD may offset against any claim by the AGENT OR AGENCY OF RECORD for compensation hereunder any debt to ICD then due or that may thereafter become due from the AGENT OR AGENCY OF RECORD, whether arising hereunder or

## INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

otherwise, and such debt shall be a first lien on any such compensation. ICD shall have the right, at its discretion, to charge interest on any indebtedness due it by the AGENT OR AGENCY OF RECORD.   Interest shall be calculated from the time said indebtedness was incurred, at per annum rate equal to the prime commercial rate as charged by Bank of America (or its successor) from time to time; provided, however, that such rate shall not exceed the rate permitted to be charged by law. ICD shall have the right to determine to which indebtedness any payment made by the AGENT OR AGENCY OF RECORD, whether offset or otherwise, shall be applied. The AGENT OR AGENCY OF RECORD shall pay all costs and expenses, including collection fees and/or reasonable attorney's fees incurred by ICD in the collection of indebtedness hereunder.

**X.   GENERAL**

A.   The Parties shall use their best efforts to keep in full force and affect all customers enrolled in any plan offered on behalf of ICD.  The Parties shall so conduct their actions so as not to adversely affect the business, good standing, goodwill or reputation of either ICD or AGENT OR AGENCY OF RECORD.

B.   The Parties agree to maintain all records and books as required by benefit provider guidelines, carrier guidelines, ICD policies and procedures, federal, state or local law or regulation; further ICD may, from time to time, release training and educational materials related to regulatory compliance.

C.   AGENT OR AGENCY OF RECORD agrees to comply with all benefit provider guidelines, carrier guidelines, ICD policies and procedures, federal, state and/or local laws and/or regulations, and with all published bulletins, field letters, or any other written communications from any benefit provider, carrier or ICD now in force and such as may be hereafter accepted.

D.   ICD may require the use ofd script and specific disclosure statements to be used when marketing its products.

E.   ICD requires that products deemed not to satisfy all requirements of the Patient Provider Affordable Care Act ("PPACA") must be disclosed to the consumer as being non-PPACA conforming and that the AGENT OR AGENCY OF RECORD must make certain that the consumer has understood the disclosure and the potential penalties that may carry.

F.   ICD or the issuing carrier may audit AGENT OR AGENCY OF RECORD to assure compliance with any and all regulatory requirements.

G.   The AGENT OR AGENCY OF RECORD shall have no power or authority other than herein expressly granted and no other or greater powers shall be implied from the grant or denial of powers expressly mentioned herein.

H.   The AGENT OR AGENCY OF RECORD shall have no claim and/or compensation for having introduced or brought to the attention of ICD any business opportunity, except under separate written agreement with ICD to pay such compensation, signed on behalf of ICD by any member of the board of directors of ICD.

5

## INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

I.      The forbearance or neglect of ICD to insist upon strict compliance by the AGENT OR AGENCY OF RECORD with any of the provisions of this Agreement whether continuing or not, shall not be construed as a waiver of any of ICD's rights or privileges hereunder.  No waiver of any right or privilege arising from any default or failure of performance by the AGENT OR AGENCY OF RECORD shall affect ICD's rights or privileges in the event of a further default or failure of performance.

J.      The Parties shall not reproduce any software or other material provided by either party to the other.  All such material shall be used exclusively in the performance of this Agreement and may not be used or distributed for any other purpose.

K.      AGENT OR AGENCY OF RECORD shall notify ICD immediately in writing if the any licensed agent, employee, associate, officer, director, principal or other representative of its business has been convicted of any felony, misdemeanor or any other lesser crime.

L.      The AGENT OR AGENCY OF RECORD agrees to submit to any and all training determined to be necessary by ICD, including but not limited to: (i) initial training upon execution of any AGENT OR AGENCY OF RECORD agreement, and I or (ii) any re-training required at the discretion of ICD, based upon any determination by ICD that said AGENT OR AGENCY OF RECORD is in any way failing to accurately represent any product sold on behalf of ICD in the marketplace, and/or (iii) any re-training required due to AGENT OR AGENCY OF RECORD offering any product sold by ICD in such a way as to damage ICD's goodwill in the market place.  The AGENT OR AGENCY OF RECORD further agrees to schedule product training relating to any product sold on behalf of ICD, for all employees, agents, and/or representatives offering any product on behalf of ICD in the marketplace.  ICD reserves the right to audit on site at the premises of the AGENT OR AGENCY OF RECORD, at any time and without prior notice, to determine compliance of any and all sales tactics, any and all scripts and/or marketing materials, including but not limited to, all marketing procedures and verification procedures utilized by AGENT OR AGENCY OF RECORD and/or any agent, representative, employee and/or any other person acting on behalf of the AGENT OR AGENCY OF RECORD.

## XI.    INDEMNIFICATION

A.      AGENT OR AGENCY OF RECORD shall indemnify, defend, and hold harmless ICD, its affiliates, officers, directors, members, shareholders, insurers, employees and parent corporations, from and against any and all third-party claims, suits, liabilities, losses, and damages of whatever nature, (including all reasonable costs, expenses and attorneys' fees) arising from or in connection with (a) in any way failing to accurately represent any product sold on behalf of ICD in the marketplace (b) any intentional and/or unintentional misrepresentation by AGENT OR AGENCY OF RECORD regarding an ICD product/service that is the cause of such claim, (b) any unauthorized transaction, and/or (c) AGENT OR AGENCY OF RECORD's breach of the terms and conditions of this executed AGENT OR AGENCY OF RECORD Agreement, including prohibited marketing activities.

6

## INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

B.   ICD shall indemnify, defend, and hold harmless AGENT OR AGENCY OF RECORD, its affiliates, officers, directors, members, shareholders, insurers, employees and parent corporations, from and against any and all third-party claims, suits, liabilities, losses, and damages of whatever nature, (including all reasonable costs, expenses and attorneys' fees) arising from or in connection with ICD's breach of the terms and conditions of this executed AGENT OR AGENCY OF RECORD Agreement.

**INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT**

### XII.   CONFIDENTIAL INFORMATION

A.   Confidential Information includes all individually identifiable health information and other information about a person that:

    1.   a person provides to obtain coverage; or

    2.   results from a client transaction; or

    3.   is otherwise obtained in connection with providing coverage, such as: identities, names, addresses and ages of policyholders; types of policies; amounts of rates, policy renewals dates; client listings, claim information; any policyholder information subject to any privacy law; and information identified as confidential.

B.   Confidential Information also includes the following:

    1.   any and all business plans or processes utilized by ICD;

    2.   any and all customer and Agents of record lists utilized by ICD;

    3.   any and all products and/or benefits developed or sold by ICD;

    4.   any and all intellectual property utilized by ICD, including but not limited to copyrightable material, computer software, trademark related materials such as names, logos, color schemes, trade dress related materials, or patentable processes or materials.

C.   The Parties agree that they shall:

    1.   use the other party's Confidential Information only for the purpose for which it was disclosed and only to carry out the provisions of this Agreement;

    2.   not disclose the other party's Confidential Information to third parties unless necessary to meet its obligations under this Agreement, and then only to a third party similarly bound by the same privacy standards and agreements;

    3.   continue to treat the other party's Confidential Information in this manner even after termination of this Agreement; and

    4.   comply with all applicable privacy laws and regulations; and

    5.   comply with all benefit providers', insurance carriers' and the Party's policies and procedures regarding Confidential Information.

D.   The Parties further agrees that they have furnished and are furnishing certain Confidential Information and Trade Secret Information to each other. The term "Confidential Information" shall mean all information that the Parties have furnished to each other or are furnishing to each other. The term "Trade Secret

## INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

Information" shall mean all information owned or claimed to be owned by the Parties, including but not limited to customer information, marketing information, formula, pattern, compilation, program, device, method, technique, or process that

1.    derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

2.    is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. The Parties' Confidential Information and Trade Secret Information includes a description of the unique manner in which each party performs its business operations and may also consist of and is not limited to, computer software, customer and member lists and agreements, provider lists and agreements, benefit provider lists and agreements, agent, agency and/or AGENT OR AGENCY OF RECORD lists, employee lists, marketing strategies, access and referral agreements, internal payment processing and administrative procedures and demographic and other data related to the business of the Parties.

E.    The Parties agree that they shall keep the Confidential Information and Trade Secret Information private and that the Confidential Information and Trade Secret Information shall not, without the prior written consent of the Parties, be disclosed by the Parties or by its officers, directors, shareholders, partners, employees, affiliates, agents, investors, consultants, contractors or representatives (collectively "Representatives") in any manner whatsoever, in whole or in part, and shall not be used by the Parties or by their Representatives. Moreover, the Parties agree to transmit the Confidential Information and Trade Secret Information only to such of its representatives who in writing agree to be bound by the terms hereof as if a party hereto. In any event, the AGENT OR AGENCY OF RECORD shall be fully liable for any breach of this Agreement by it or its Representatives and agrees, at its sole expense, to take all reasonable measures (including, but not limited to, court proceedings) to restrain its representatives, agents and/or employees from prohibited or unauthorized disclosure or use of the Confidential Information and Trade Secret Information originating from ICD.

F.    The AGENT OR AGENCY OF RECORD agrees that neither it nor its Representatives shall use the Confidential Information and Trade Secret Information provided by ICD to develop any product or service, which is the same as or similar to any product or service sold on behalf of ICD. The AGENT OR AGENCY OF RECORD understands and agrees that any payment mechanism, any version of the IQ Network and/or any lead management system utilized by ICD is unique and agrees that it shall not develop for its own use, nor divulge in any manner whatsoever the methods ICD utilizes to anyone other than the AGENT OR AGENCY OF RECORD. AGENT OR AGENCY OF RECORD understands and agrees that the relationships between ICD, its customers, benefit providers, carriers, agencies and/or agents are unique, and agrees to not contact those customers, benefit providers, carriers, agencies and/or agents for commercial purposes other than on behalf of ICD for the entire term of this

9

**INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT**

Agreement and for a period of twenty-four months upon termination of the this Agreement.  AGENT OR AGENCY OF RECORD further agrees that if AGENT OR AGENCY OF RECORD violates this Paragraph, then ICD has no remedy at law and may pursue its equitable remedies including specific performance, injunctions and restraining orders in any court of competent jurisdiction.

XIII.   **NON-SOLICITATION**

A.   AGENT OR AGENCY OF RECORD shall not induce or attempt to induce any benefit providers, carriers, customers, employees, licensed agents, representatives, agencies of record and/or any agents of record to discontinue their association with ICD.

B.   ICD shall not induce or attempt to induce any customers, employees, agents and/or representatives, agencies of record and/or agents of record to discontinue their association with AGENT OR AGENCY OF RECORD.

XIV.   **APPROVAL OF SOLICITATIONS**

The AGENT OR AGENCY OF RECORD shall not publish or disseminate any type of solicitations, scripts, forms, advertisements or material in any media concerning ICD and the ICD Plan or any of its contracted benefit providers, carriers and/or any other companies without the prior written consent of the both the benefit provider, carrier and/or ICD.  AGENT OR AGENCY OF RECORD shall in no way replicate ICD's website without ICD's express written permission.

XV.   **JURISDICTION AND VENUE**

A.   This Agreement and the relationship of the parties shall be governed by the laws of the State of Florida applicable to agreements executed and performed within the State of Florida and without giving effect to any statutes or rules relating to the conflict of laws.  The Parties agree and acknowledge that in the negotiating and executing of this agreement and in the performance of this Agreement, they are purposefully availing themselves of the benefits and laws of the state of Florida as to any dispute arising out of or related to the inception or performance of this Agreement.  The Parties hereby waive their right to contest the exercise of personal jurisdiction over them in the State of Florida.  The Parties further agree that venue shall lie in Broward County, Florida.  ICD may pursue its equitable remedies, including specific performance, injunctions and restraining orders in any court of competent jurisdiction.

B.   Both parties shall use best efforts to resolve disputes in an amicable manner for a period of ten (10) days.  The Parties agree that any dispute arising out of or related in any way to the solicitation, negotiation, inception or performance of this Agreement (whether the dispute is couched in terms of contractual, statutory, or common law grounds) shall be exclusively resolved and construed in accordance with Commercial Arbitration Rules of the American Arbitration Association pursuant to the laws of the State of Florida governing arbitration.  For any disputes not resolved amicably, venue shall be Broward County, Florida and any judgment upon the award rendered by the arbitrator(s) may be entered in any court having competent jurisdiction thereof.

**INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT**

**XVI.   WAIVER / MODIFICATION**

No waiver or modification of this Agreement shall be effective unless in writing, expressing by its terms an intention to modify this Agreement, and signed by duly authorized representatives of all parties hereto.

**XVII.   SUPERVISION / RESPONSIBILITY**

The Parties shall be held harmless from any losses or expenses on the account of the acts or omissions of the other party or any employee, associate, officer, director, principal or any other representative.

**XVIII.   COMPLAINTS**

The AGENT OR AGENCY OF RECORD shall document and report within twenty four (24) hours of occurrence any and all regulatory complaints relating to ICD, any benefit provider and/or any carrier and shall provide, in advance of filing said response with the regulatory authority, any response thereto for ICD's approval.   The Parties agree to cooperate fully with each other in the investigation and resolution of said complaints.

**XVIX.   SEVERABILITY**

In the event that any paragraph, subparagraph or provision of this Agreement shall be determined to be contrary to governing law or otherwise unenforceable, all remaining portions of this Agreement shall be enforced to the maximum extent permitted by law.

**XX.   ENTIRE AGREEMENT**

This Agreement and the Schedules, Attachments or Addendums thereof, represent the complete agreement of the parties concerning the subject matter hereof, and all prior or contemporaneous negotiations, promises or agreements are merged herewith.

**XXI.   BINDING EFFECT**

This Agreement shall inure to the benefit of and be binding upon the parties hereto, their successors and assigns.

**XXII.   RELATIONSHIP OF PARTIES**

Nothing contained herein shall be construed to create the relationship of employer and employee between the parties.   The AGENT OR AGENCY OF RECORD is an independent contractor.

**XXIII.   CAPTIONS**

The captions and headings of paragraphs and subparagraphs are inserted for convenience of reference only and are not a part hereof and shall not affect the construction or interpretation of any provision herein this Agreement.

**INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT**

### XXIV. COUNTERPARTS

This Agreement may be executed simultaneously in several counterparts, each of which shall be original, and all of which shall constitute but one and the same instrument. A facsimile signature shall be considered the same as an original signature.

### XXV. NUMBER AND GENDER

Whenever required for proper interpretation of this Agreement, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

### XXVI. CONSTRUANCE

This Agreement has been negotiated at arm's length by the parties and shall not be construed against the drafting party.

ABS HEALTHCARE SERVICES, INC. /
HEALTH OPTION ONE, INC. DBA
INSURANCE CARE DIRECT

_____
Signature Duly Authorized Officer

Name _Arnold Cohen_

Title _President_

Date _____

AGENT OR AGENCY OF RECORD,

_____

_____
Signature Duly Authorized Officer

Name _Bradley Tierney_

Title _Agent_

Date _1/4/16_

12

27

## INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

### MUTUAL NON-DISCLOSURE AGREEMENT

This Mutual Non-Disclosure Agreement is by and between ABS HEALTHCARE SERVICES, INC. / HEALTH OPTION ONE, INC. DBA INSURANCE CARE DIRECT (hereinafter "ICD") with their primary place of business located at 1002 E. Newport Center Drive, Suite 200, Deerfield Beach, FL 33442 and _Bradley Tierney_____ ("AGENT OR AGENCY OF RECORD" defined as an individual or corporation, licensed in every state in which he/she or it sells), located/residing at _2425 E. Commercial Blvd. Suite 203A_____, (collectively "Parties"). _Fort Lauderdale, FL 33308_

The Parties Hereto Agree as Follows:

1.      ICD and AGENT OR AGENCY OF RECORD agree that ICD may find it necessary to disclose to AGENT OR AGENCY OF RECORD certain information relating to the Transaction and/or the business of ICD ("the Business"), and AGENT OR AGENCY OF RECORD may find it necessary to disclose to ICD certain information relating to the Transaction and/or the business of AGENT OR AGENCY OF RECORD (also "the Business").   The information exchanged pursuant to this Agreement concerns all aspects of this relationship and the Business.  Such information, whether oral or written, in whatever form provided (hereinafter "Confidential Information"), shall remain the property of the party disclosing such Confidential Information.  In addition, both parties acknowledge that the nature of the Transaction and the identity of any other persons or entities involved with the Transaction are considered confidential information.

2.      Each party gives Confidential Information to the other party for the sole purpose of exploring, developing and conducting business between AGENT OR AGENCY OF RECORD, ICD and/or one or more third parties.

3.      Following receipt of any item of Confidential Information, the receiving party shall:

    a.      Keep confidential and restrict disclosure of the Confidential Information solely to legal counsel, employees, or other representatives (collectively the "Representatives") with a need to know and not disclose the Confidential Information to third parties;

    b.      Advise Representatives who receive the Confidential Information of the existence and terms of this Agreement and require that such Representative will not, directly or indirectly, exploit for their own commercial gain in competition with the disclosing party any information contained in the Confidential Information;

    c.      Use, and require Representatives to use, at least the same degree of care to protect the Confidential Information as is used with its own proprietary information, and in no event shall the degree of care be less than holding the Confidential Information in confidence;

    d.      Use the Confidential Information only for the purpose(s) stated in Paragraph 2 above;

    e.      Secure prior written approval from the disclosing party before disclosing any of the Confidential Information to any third person or party of any kind that is not involved in the discussions, except the Representatives; and

**INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT**

      f.      Notify the disclosing party immediately in the event of loss or unauthorized disclosure of any item containing Confidential Information.

4.      Upon the request of a disclosing party, the receiving party shall return all Confidential Information received in written and/or tangible form, including copies, reproductions or materials otherwise containing confidential Information; provided, however, if the receiving party has incorporated some of the disclosing party's Confidential Information into its own Confidential Information, then the receiving party shall destroy the combined Confidential Information and certify to the disclosing party that such destruction has occurred.

5.      Nothing contained in this Agreement shall be construed as granting or conferring any rights by license or otherwise in any Confidential Information disclosed under this Agreement.

6.      Each party agrees that it will not, directly or indirectly, exploit for its own commercial gain in competition with the other party any information contained in the Confidential Information.

7.      Each party acknowledges that the other party owns it's Confidential Information, and that use of the Confidential Information other than as permitted under this Agreement, would cause the other party irreparable harm for which there is no adequate remedy at law and would entitle the other party to injunctive relief as well as any other remedies available including monetary damages.

8.      This Agreement is governed by and construed in accordance with the laws of the State of Florida, and benefits and binds the parties and their respective successors and assigns.

9.      AGENT OR AGENCY OF RECORD and ICD agree that this Agreement binds them from the date first written below and continues until terminated in a writing signed by both AGENT OR AGENCY OF RECORD and ICD.

**ABS HEALTHCARE SERVICES, INC. /**
**HEALTH OPTION ONE, INC. DBA**
**INSURANCE CARE DIRECT**

_____
Signature Duly Authorized Officer

Arnold Cohen
_____
Name

President
_____
Title

_____
Date

**AGENT OR AGENCY OF RECORD,**

_____
Signature Duly Authorized Officer

Bradley Tierney
_____
Name

Agent
_____
Title

1/4/16
_____
Date

14

## INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

I, _Bradley Tierney_ (PRINT), hereby grant permission to ABS HEALTHCARE SERVICES INC. D/B/A INSURANCE CARE DIRECT, AND/OR HEALTH OPTION ONE, INC. to conduct a criminal and civil background check.  I understand the sensitive nature of insurance licensing and sales, including the taking of credit card and bank account information and the need for proper due diligence to be done in this regard.

_____     1/4/16
Sign                                 Date

15

**30**

## <u>INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT</u>

### ADDENDUM TO INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT

This Addendum to Independent Agent of Record Agreement ("Addendum") is by and between ABS HEALTHCARE SERVICES, INC. / HEALTH OPTION ONE, INC. DBA INSURANCE CARE DIRECT (hereinafter "ICD") with their primary place of business located at 1002 E. Newport Center Drive, Suite 200, Deerfield Beach, FL 33442 and Bradley Tierney ("AGENT OR AGENCY OF RECORD" defined as an individual or corporation, licensed in every state in which he/she or it sells), located/residing at 2425 E. Commercial Blvd. , (collectively "Parties).
Suite 203 A  Ft. Lauderdale FL 33308
Whereas, the Parties agree that agency licenses are necessary to be compliant with state laws; and

Whereas, the Parties agree that the AGENT OR AGENCY OF RECORD is in need of agency licensing, and

Whereas, the Parties agree that ICD is in a position to fund such agency licensing, and

Whereas, the Parties agree that funding such agency licensing would benefit both Parties.

NOW THEREFORE in mutual consideration of the covenants contained herein, the Parties agree as follows:

1.   The Parties agree that the recitals set forth herein above are true and correct.

2.   This Addendum to the Independent Agent of Record Agreement ("Addendum") shall be wholly incorporated into the Independent Agent of Record Agreement ("Agreement"), including prior and subsequent addendums, executed by the Parties on or about January 4 20 16 . The Agreement shall remain in full force and effect.

3.   Any conflicting clause between said Agreement and this Addendum shall be governed by this Addendum.

4.   In consideration for ICD funding AGENT OR AGENCY OF RECORD's agency licenses in various states, the AGENT OR AGENCY OF RECORD agrees to sell, offer for sale, obtain leads for sale to, contact and/or attempt to contact potential insured(s) for health insurance, life insurance and/or association products exclusively on behalf of ICD and/or any company affiliated with ICD and shall not sell for any other individual or entity in accordance with the provisions of the Agreement and this Addendum.

5.   The Parties Agree that all commission schedules attached to the Agreement shall remain in effect until the Agreement is terminated in accordance with the terms set forth in the Agreement or this Addendum.

6.   The Parties mutually agree not to circumvent, avoid, bypass or obviate each other, directly or indirectly, to avoid payment of fees, commissions or other forms of compensation, by transacting any business with any individual and/or transacting any business with or creating any corporation, partnership, or fictitious name.

7.   The AGENT OR AGENCY OF RECORD agrees that it nor its officers, directors, related employees and/or agents shall compete with the known business of ICD or its affiliated companies during the term of this Agreement.   AGENT OR AGENCY OF RECORD

16

31

**INDEPENDENT AGENT OR AGENCY OF RECORD AGREEMENT**

further understands and agrees that the relationships between ICD and any affiliated and/or related company and its customers, employees and AGENT OR AGENCY OF RECORDS are unique and agrees to not contact any ICD customer or any and all affiliated company's customer, employee and/or AGENT OR AGENCY OF RECORD for commercial purposes other than on behalf of ICD or any affiliated and/or related company for a period of twelve (12) months from the date of termination of ICD's affiliation with AGENT OR AGENCY OF RECORD.

8.   The Parties agree that any breach of this Addendum shall automatically be determined to be a material breach of this Addendum and the Agreement.   As a result of such breach, this Addendum and the Agreement shall both be immediately terminated for cause and without notice.   The Parties agree that a portion of the damages or such breach shall be immediately due as follows: (a) AGENT OR AGENCY OF RECORD shall forfeit all outstanding commission payments due and owed to AGENT OR AGENCY OF RECORD by ICD, and (b) AGENT OR AGENCY OF RECORD's book of business shall immediately revert to ICD. AGENT OR AGENCY OF RECORD agrees it shall execute all documents necessary to immediately transfer said book of business to ICD.  ICD reserves all legal rights to pursue any further remedies and damages against AGENT OR AGENCY OF RECORD, in accordance with Jurisdiction and Venue clauses of the Agreement.

9.   The Parties agree that in the event of any breach by AGENT OR AGENCY OF RECORD of this Addendum, ICD has no remedy at law and may, at its discretion, obtain an injunction against AGENT OR AGENCY OF RECORD. The Parties agree that the Jurisdiction and Venue clauses contained in the Agreement shall govern this Addendum and remain in full force and effect.

IN WITNESS WHEREOF dated this the __4__ day of __January__, 20 __16__.

---

AGENT OR AGENCY OF RECORD

__Bradley Tierney__
By

__Agent__
Title

__1/4/16__
Date

# Exhibit B



BOIES
SCHILLER
FLEXNER

DAVID BOIES
EMAIL: DBOIES@BSFLLP.COM

April 4, 2020

<u>VIA FEDERAL EXPRESS AND E-MAIL</u>

Bradley Tierney
10401 Venice Blvd, Ste. 201
Los Angeles, CA 90034
Email: btierney@kratosinvesting.com

Bradley Tierney
1222 26th Street, Apt 4
Santa Monica, CA 90404
Email: pdordie@hotmail.com

Bradley Tierney
2425 E. Commercial Blvd., Suite 203a
Fort Lauderdale FL, 33308

Re:   *ABS Healthcare Services, LLC and Health Option One, LLC/dba*
      *Insurance Care Direct*

Dear Mr. Tierney,

This firm represents ABS Healthcare Services, LLC and Health Option One, LLC/dba Insurance Care Direct (collectively "ICD Parties"). This will provide you with official notice pursuant to your agreement dated January 4, 2016, that you are in violation and breach of such agreement, including of section four of the Addendum thereof. As provided in the agreement, we are available for the next 10 days to discuss an amicable resolution of your violation and breach.

If you are represented by counsel, please have your counsel contact Sigrid McCawley or Carlos Sires in the Firm's Fort Lauderdale office. Ms. McCawley's cell phone number is 954-770-5377 and her email is smccawley@bsfllp.com; Mr. Sires' cell phone is 305-321-0004 and his email csires@bsfllp.com. If you are not represented by counsel, please contact Ms. McCawley or Mr. Sires yourself.

This will also provide you with notice to retain, and not destroy or alter or take any action to conceal, all documents and records of any kind, whether paper or electronic or otherwise, in any way concerning or relating to your agreement or your performance, nonperformance, breach, or violation, of such agreement, including but not limited to any contact or communications to or from Andrew Shader, Corey Shader or any agent or representative thereof.

We look forward to hearing from you promptly.

Sincerely yours,

*/s/ David Boies*
David Boies

BOIES SCHILLER FLEXNER LLP

34

333 Main Street, Armonk, NY 10504 | (t) 914 749 8200 | (f) 914 749 8300 | www.bsfllp.com