1  FRANK GOOCH III (CA Bar No. 70996)
    fgooch@cozen.com
2  COZEN O'CONNOR
    1299 Ocean Avenue, Suite 900
3  Santa Monica, California 90401-1000
    Telephone: (310) 393-4000
4  Facsimile: (310)394-4700

5  JAMES A. GALE (FL Bar No. 371726)
    (Pro Hac Vice pending)
6    jgale@cozen.com
    SAMUEL A. LEWIS (FL Bar. No. 55360)
7  (Pro Hac Vice pending)
    lewis@cozen.com
8  DAVID M. STAHL (FL Bar. No. 84713)
    (Pro Hac Vice pending)
9    dstahl@cozen.com
    COZEN O'CONNOR
10  200 South Biscayne Blvd., Suite 3000
    Miami, Florida 33131
11  Telephone: (305) 358-5001

12  Attorney for Plaintiffs
    *Legacy Insurance Solutions LLC and*
13  *Bradley Tierney*

14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17  LEGACY INSURANCE SOLUTIONS          Case No. 2:20-CV-04097-AS
    LLC, a California limited liability
18  company, and BRADLEY TIERNEY, an    Magistrate Judge Alka Sagar
    individual,
19                                       **NOTICE OF MOTION AND
              Plaintiffs,                 MOTION FOR REMAND TO
20                                        STATE COURT;
         v.                               MEMORANDUM OF POINTS
21                                        AND AUTHORITIES IN
    ABS HEALTHCARE SERVICES, LLC,        SUPPORT THEREOF**
22  a Florida limited liability company, and
    HEALTH OPTION ONE, LLC, a Florida   [*Declarations of Bradley Tierney,
23  limited liability company, and DOES 1 *Adam Beeman and Frank Gooch III;*
    through 20, inclusive,               *and [Proposed] Order filed
24                                        concurrently herewith*]
              Defendants.
25                                       Hearing Date:  June 4, 2020
                                         Time:          10:00 a.m.
26                                       Courtroom:     540

27                                       Removal Filed:    May 4, 2020
                                         State Court Filing: April 23, 2020
28

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 4, 2020, at 10:00 a.m., in Courtroom 540 of the Roybal Federal Building located at 255 E. Temple Street, Los Angeles, California 90012, before Magistrate Judge Alka Sagar, Plaintiffs, Bradley Tierney ("Tierney") and Legacy Insurance Solutions LLC ("Legacy Insurance") (collectively, "Plaintiffs") hereby will move, and hereby do move, the Court for an order remanding this action to state court.  This action is based on Defendants' objectionably baseless petition for removal of this action under 28 U.S.C. § 1332 from the Superior Court of California, County of Los Angeles, Case No. 20SMCV00617. This Court, however, lacks subject matter jurisdiction over this action because there is not complete diversity between the Plaintiffs and the Defendants.  Specifically, one of Legacy Insurance's members is a citizen of Florida as are Defendants' members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of very state of which its owners/members are citizens").

Plaintiffs also request an order under 28 U.S.C. § 1447(c) requiring the Defendants to pay the attorneys' fees it incurred as a result of the removal, including but not limited to those incurred in connection with this motion, and retaining jurisdiction to determine the amount of those costs and fees.

This motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on May 5 and 6, 2020. See Gooch Decl. ¶ 2. This motion is based on this notice of motion and motion; the attached memorandum of points and authorities; the concurrently-filed Declarations of Frank Gooch III, Bradley Tierney, and Adam Beeman; Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and for Order to Show Cause Why A Preliminary Injunction Should Not Be Issued which was filed in the state court action prior to Defendants' improper removal; and all pleadings and records on file with the Court in this case.

1 | Dated:  May 7, 2020                    COZEN O'CONNOR

2

3                                              By:  ___/s/ Frank Gooch III_____
4                                                   Frank Gooch III
                                                    Attorneys for Plaintiffs
5                                                   *Legacy Insurance Solutions LLC and*
                                                    *Bradley Tierney*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 6

I. INTRODUCTION ........................................................................................... 6

II. BACKGROUND FACTS .............................................................................. 6

III. LEGAL ARGUMENT ................................................................................... 9

    A. Remand in This Case Is Necessary Because the Court Has No Subject Matter Jurisdiction over This Action as Plaintiff Legacy Insurance and Defendants Are Not Diverse. ........................................ 10

    B. The Court Should Award Plaintiffs Their Attorneys' Fees and Costs Incurred as a Result of This Removal. ........................................ 11

IV. PLAINTIFFS' COUNSEL HAS MET AND CONFERRED WITH DEFENDANTS' COUNSEL. ..................................................................... 14

V. CONCLUSION ........................................................................................... 15

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

LEGAL\46309610\3

4

# TABLE OF AUTHORITIES

Page

## Cases

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*
545 U.S. 546 (2005) ...................................................................................8, 10

*Gaus v. Miles, Inc.*
980 F. 2d 564 (9th Cir. 1992) ...............................................................8

*Johnson v. Columbia Props. Anchorage, LP*
437 F.3d 894 (9th Cir. 2006) ...........................................................8, 11

*Lewis v. Verizon Commc'ns, Inc.*
627 F.3d 395 (9th Cir. 2010) ...............................................................8

*Martin v. Franklin Capital Corp.*
546 U.S. 132 (2005) ...........................................................................10

*Moore v. Permanente Med. Group, Inc.*
981 F.2d 443 (9th Cir. 1992) ........................................................10, 13

*Peck v. Swift Transp. Co. Arizona, LLC*
2017 WL 5515842, at *4 (C.D. Cal. Nov. 16, 2017) ...................11

## Statutes

28 U.S.C. § 1332(a) ..............................................................................9

28 U.S.C. § 1441 ...................................................................................7

28 U.S.C. § 1446 ...................................................................................7

28 U.S.C. § 1446(a) .............................................................................12

28 U.S.C. § 1447(c) ......................................................................10, 13

28 USC § 1447(c) .................................................................................10

Calfiornia Code of Civil Procedure section 1060 ..................................6

California Business & Professions Code section 17200 .........................6

California Business and Professions Code section 16600 .......................6

Fed. R. Civ. P. 11(b) ............................................................................12

## Rules

Local Rule 7-3 .....................................................................................14

Rule 11 .................................................................................................12

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Court lacks subject matter jurisdiction over this action because there is not complete diversity between the plaintiffs and defendants in this action. Under binding Ninth Circuit precedent, a limited liability is a citizen of *every* state of which its owners/members are citizens. Additionally, there must be complete diversity for this Court to have subject matter jurisdiction over this action. Here, complete diversity is lacking because a member of Plaintiff Legacy Insurance is a citizen of Florida as are the members of Defendant ABS Healthcare Services, LLC, and Defendant Health Option One, LLC. Accordingly, as this Court lacks subject matter jurisdiction over this matter, the Court should promptly remand the action back to the California Superior Court.

Furthermore, Plaintiffs respectfully submit that this Court should retain jurisdiction to award Plaintiffs their costs and attorney's fees incurred as a result of Defendants' improper removal. As explained below, Defendants' grounds for removal are objectively unreasonable. Moreover, even though a finding of bad faith is not necessary to award such costs and fees, here it is clear from the timing of Defendants' filing of their notice of removal that Defendants filed their notice of removal in bad faith as a tactic to delay Plaintiffs' ability to seek interim relief pending trial in this action. Plaintiffs' application for a temporary restraining order was set to be heard on May 6, 2020. Defendants filed their notice of removal on May 4.

## II.   BACKGROUND FACTS

Defendants, through unlawful, unfair, or fraudulent business practices, are seeking to do that which the COVID-19 pandemic could not do—restrain Tierney from engaging in the lawful profession of his choosing and force Legacy Insurance to cease business operations. Specifically, Defendants are seeking to enforce a purported contract that would restrain Tierney from competing with Defendants

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT

despite California's strong public policy against the enforcement of restrictive covenants as a matter of law.  Defendants' conduct, however, is even more egregious than simply trying to enforce a void contract.  Here, it is disputed that the purported contract was ever enforceable as Defendants never compensated Tierney as they represented they would in the purported contract and Tierney has no recollection of signing the purported agreement or ever working as an agent for Defendants.  Moreover, even if the agreement was executed based on some indirect business relationship that Tierney may have had with Defendants in early 2016, that relationship ended more than three years ago.  As such, the illegal post-termination restrictive covenants in that purported agreement ended long ago.

Tierney has been selling insurance related products in California since 2017 on behalf of entities other than Defendants and has been doing so as the registered agent for Legacy Insurance for over a year.  However, in early April 2020, Defendants sent Plaintiffs a letter claiming that Tierney was in breach of the covenant that prohibited him from selling insurance and related products on behalf of anyone other than Defendants.  Shortly, thereafter Defendants sued Kratos Investments, LLC ("Kratos")—the company on whose behalf Plaintiffs had been selling products—alleging, *inter alia*, that Kratos was tortiously interfering with Defendants' contract with Tierney because Tierney was only allowed to sell on behalf of Defendants.

It was these actions by Defendants that led Plaintiffs to file this instant action in the Superior Court for the County of Los Angeles for state law claims of unfair competition pursuant to California's Unfair Competition Law (Bus. & Prof. Code § 17200); unfair competition pursuant to common law and declaratory relief pursuant to Civ. Proc. Code § 1060 and California Business and Professions Code § 16600.  Plaintiffs merely seek to be able to engage in the profession of their choosing without unfair competition in the form of unlawful restraints on trade by Defendants.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT

1    Threatening Plaintiffs and suing the entity on whose behalf Plaintiffs

2   currently sell products was not enough for Defendants.  They were determined to do

3   everything they could to restrain Tierney from working in his chosen profession.

4   When Kratos did not immediately terminate its relationship with Plaintiffs,

5   Defendants next went to the association whose memberships and promoted

6   insurance-related products are sold by Defendants, Kratos, and, up until recently,

7   Plaintiffs—and coerced that association to blacklist Tierney from selling association

8   memberships and related programs.  As a result of the association's termination of

9   Tierney, Kratos was forced to end its business relationship with Plaintiffs solely for

10   that reason.

11    As almost all of Plaintiffs' business had been on behalf of Kratos, Legacy

12   Insurance has been effectively shut down and Tierney has been restrained from

13   engaging in his chosen profession.  As a result, Legacy Insurance is currently not in

14   a position to keep its twenty-three employees and independent contractors on its

15   payroll.  With each passing day, the damages caused by Defendants' unlawful

16   conduct become more irreversible.

17    As such, Plaintiffs filed an *Ex Parte* Application for a Temporary Restraining

18   Order and for Order to Show Cause Why a Preliminary Injunction Should Not Be

19   Issued with the California State Court seeking interim relief pending trial in this

20   action.  A true and accurate copy of Plaintiff's application for a temporary

21   restraining order is attached hereto as Exhibit "1" to the Gooch Decl.  The

22   application was set to be heard on May 6, 2020 at 8:30 a.m.

23    On May 4, 2020, Defendants removed the state court action to this Court by

24   filing of a Notice of Removal.  *See* [D.E. 1].  Defendants claimed in their Notice of

25   Removal to Federal Court that they removing the action to federal court "on the

26   basis of diversity of citizenship under 28 U.S.C. § 1332(a), 1441, and 1446." *See id.*

27   at 1:8-10.  Despite the fact that Legacy Insurance is a limited liability company and

28   despite the fact that Defendants have the burden of showing that the case meets the

Cozen O'Connor
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401

NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT

statutory requirements for the exercise of federal jurisdiction, Defendants did not include any allegations in their Notice of Removal regarding the citizenship of the members of Legacy Insurance.

Had Defendants done so, it would be evident on the face of the Notice of Removal that this court lacks subject matter jurisdiction because one of Legacy Insurance's members is a citizen of Florida as are Defendants' members. *See* Tierney Decl. ¶¶ 2-4; Beeman Decl. ¶¶ 1-5; [D.E. 1] at 1:24-26 (stating that Defendants' members are citizens of Florida). Since the plaintiffs and defendants are not completely diverse, this Court lacks subject matter jurisdiction and this action should be remanded back to the Superior Court for the State of California.

## III. <u>LEGAL ARGUMENT</u>

"The party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). In order for a court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence ... of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). To establish citizenship for diversity purposes, a limited liability company ("LLC") is a citizen of *every* state in which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of *every* state of which its owners/members are citizens.") (emphasis added). Thus, because Defendants assert the Court's diversity jurisdiction, the parties must be completely diverse for this this Court to have subject matter jurisdiction over this action.

To establish whether removal in a case is proper, courts should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT

doubt as to the right of removal in the first instance." *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotations and citation omitted).

Here, Defendants cannot meet this burden since one of the members of Legacy Insurance is a resident of Florida as are the members of Defendant LLCs. Accordingly, this action should be promptly remanded back to the state court.

**A.     Remand in This Case Is Necessary Because the Court Has No Subject Matter Jurisdiction over This Action as Plaintiff Legacy Insurance and Defendants Are Not Diverse.**

In their Notice of Removal, Defendants purported to remove this action based solely on "diversity of citizenship under 28 U.S.C. § 1332(a)." [D.E. 1]. As such, Defendants must establish that there is complete diversity of citizenship between Plaintiffs and Defendants. Defendants have not, and cannot, meet this burden, because such complete diversity is lacking.

In their Notice of Removal, Defendants represent that their members are citizens of Florida.[1] [D.E. 1] at 3:22-26. Defendants do not allege the citizenship of any of Legacy Insurance's members, but rather only include a conclusory allegation that "Legacy [Insurance] is a citizen of California." *Id.* at 1:20. Not only are Defendants' allegations insufficient to meet their heavy burden of establishing diversity jurisdiction, but these conclusory allegations are inaccurate. Legacy Insurance has two members, Plaintiff Tierney and Adam Beeman. Tierney Decl. ¶ 2; Beeman Decl. ¶ 2. While Tierney is a citizen of California, Mr. Beeman is a citizen of Florida. Beeman Decl. ¶ 3, Ex 1 at ¶ 10. Since Mr. Beeman is a citizen of Florida, so is Legacy Insurance. *See Johnson*, 437 F.3d at 899 ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Accordingly,

[1] Defendants also allege that each defendant was "incorporated in Florida." This appears to be a scrivener's error, however, as Defendants represent that they are unincorporated Florida limited liability companies. Presumably, Defendants meant that they were formed under the laws of Florida. This error is harmless because Defendants would be citizens of Florida even if incorporated.

since both Legacy Insurance and Defendants are citizens of Florida, this Court lacks original diversity jurisdiction over the entire action. *See Exxon Mobil*, 545 U.S. at 553 ("[T]the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Accordingly, as this Court lacks subject matter jurisdiction over the entire action, the Court should remand this case back to the Superior Court of the State of California. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**B.      The Court Should Award Plaintiffs Their Attorneys' Fees and Costs Incurred as a Result of This Removal.**

Defendants should have to pay Plaintiffs' costs incurred for this frivolous removal, including attorney's fees.  Governing law authorizes courts to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 USC § 1447(c).  In deciding whether to award fees, the key factor is the propriety of the removal, namely whether the "removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 135 (2005).  The purpose of assessing fees and costs upon remand is to reduce the use of removal to delay litigation.  *See id.*

Given the timing of the removal to this Court, shortly before a May 6 hearing on Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order and for Order to Show Cause Why a Preliminary Injunction Should Not Be Issued, and Defendants' subsequent conduct after being informed that Mr. Beeman is a member of Legacy Insurance, there can be no doubt that Defendants' removal is purely a delay tactic.  Here, Defendants' removal is not just objectively unreasonable, but it was subjectively unreasonable as well. *Cf. Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992) (bad faith need not be demonstrated to award attorney's fees pursuant to section 1447(c)).

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

First, it is well settled law based on Ninth Circuit precedent that in establishing citizenship for diversity purposes, a limited liability company is a citizen of every state in which its members are citizens. *See Johnson, LP*, 437 F.3d at 899 (cited more than 1000 times for this proposition); *Peck v. Swift Transp. Co. Arizona, LLC*, 2017 WL 5515842, at *4 (C.D. Cal. Nov. 16, 2017) ("Removal is not objectively reasonable when relevant case law at the time clearly forecloses the removing party's asserted basis for removal.").

Yet, despite this well-settled law, Defendants do not allege the citizenship of Legacy Insurance's members anywhere in their Notice of Removal to Federal Court. Rather, they simply allege that Legacy Insurance is "a California limited liability company with its principal place of business in Los Angeles, California," and that "Legacy [Insurance] is a citizen of California." To be objectively reasonable, Defendants would have at least attempted to allege the identify and citizenship of all of Legacy Insurance's members.[2]

Defendants' Notice and subsequent conduct further establish that the improper removal was not only objectively unreasonable, but was also done in bad faith. First, it is clear that Defendants' counsel was aware of the well-established law that a limited liability company is a citizen of every state which its owners/members are citizens. Notably, rather than alleging that Defendants are "citizens" of a state as they did for Legacy Insurance, each Defendant alleged that "its members are citizens of Florida." *Compare* [D.E. 1] at 1:20 (alleging that Legacy Insurance "is a citizen of California"), *with* 1:24-26 (alleging for each Defendant, the citizenship of its members). This difference appears to be intentional wordplay by Defendants to conceal the fact they either knew that Legacy Insurance was also a citizen of Florida, or at least knew that they were obligated to investigate further before removing this action from state court.

---

[2] To the extent that such information was not publicly available, an objectively reasonable defendant would have reached out to Legacy Insurance's counsel requesting information as to the citizenship of Legacy Insurance's members.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT

The timing of Defendants' removal as well as Defendants' subsequent conduct further support a conclusion that Defendants' removal was done as bad-faith delay tactic.  First, Defendants cannot defend their improper removal on the grounds that they did not know that one of Legacy Insurance's members was a citizen of Florida.  Pursuant to 28 U.S.C. § 1446(a), a notice of removal must be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  Rule 11, in turn, requires that the attorney signing a paper conduct a reasonable inquiry under the circumstances.  *See* Fed. R. Civ. P. 11(b) (requiring an attorney to certify that the information and belief stated in a document were "formed after an inquiry reasonable under the circumstances").  That is, 28 U.S.C. § 1146(a) and Rule 11 do not permit an attorney to shoot first and ask questions later.  At best, this is what Defendants did here.

Defendants acknowledge that they were served with the California complaint on April 24, 2020.  Thus, they had until May 24, 2020 to determine whether there were grounds for federal jurisdiction over this action.  If they were unable to ascertain the citizenship of Legacy Insurance's members from public records, they could have simply asked Legacy Insurance's counsel of record.  They did not do so prior to filing their notice of removal on May 4—more than 20 days before the deadline to do so.

Notably, Defendants filed their notice of removal less than two days before the time set for the state court to hear Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order and for Order to Show Cause Why a Preliminary Injunction Should Not Be Issued, thus precluding Plaintiffs from the opportunity to obtain interim relief and protect themselves from the great and irreparable harm that Defendants are causing Plaintiffs through Defendants' wrongful actions.

Furthermore, when Plaintiffs' counsel informed Defendants' counsel that they had improperly removed the case and provided them with evidence that one of Plaintiffs' members was a citizen of Florida, Defendants not only refused to

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT

stipulate to remanding this action, but then contended (1) that Plaintiffs and their counsel were lying about the members of Legacy Insurance, (2) that Defendants were entitled to discovery prior to remand, including depositions, to prove Plaintiffs were lying, and (3) that Legacy Insurance was fraudulently joined as a Plaintiff to defeat diversity.  See Gooch Decl. Ex. "2".  Notably, Defendants did not allege fraudulent joinder as a potential grounds for removal in their Notice of Removal. Defendants never made any such claim in their notice of removal because Legacy Insurance is plainly a proper plaintiff in this action.  Tierney is an agent of record for Legacy Insurance, and Defendants, through unlawful and unfair practices, are trying to restrict Tierney's right to sell insurance.  As such, Defendants' unpled contention of fraudulent joinder is further evidence that Defendants sole objective with this removal is to delay Plaintiffs from obtaining relief to which they are entitled.

Under these circumstances, Defendants' filing of a notice of removal without any investigation can only be viewed as a bad faith litigation tactic warranting the imposition of costs and expenses, including attorney's fees, under 28 USC § 1447(c).  Accordingly, Plaintiffs request that the Court retain jurisdiction to award costs and fees under 28 U.S.C. § 1447(c) after remanding the matter to the Superior Court of the State of California so as to avoid any further delays in this action.  *See Moore*, 981 F.2d at 448 ("[B]ecause the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the district court retained jurisdiction after remand to entertain Plaintiffs' motion for attorney's fees.").

## IV.   PLAINTIFFS' COUNSEL HAS MET AND CONFERRED WITH DEFENDANTS' COUNSEL.

Pursuant to Local Rule 7-3, this motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 5 and 6, 2020.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

**V.    CONCLUSION**

  For the foregoing reasons, Plaintiffs respectfully request that the Court remand the matter to state court and retain jurisdiction to award Plaintiffs their attorney's fees and costs in bringing this motion.

Dated:  May 7, 2020      COZEN O'CONNOR


By: _____/s/ Frank Gooch III_____
   Frank Gooch III
   Attorneys for Plaintiffs
   *Legacy Insurance Solutions LLC and*
   *Bradley Tierney*

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401