1  EDWARD H. TAKASHIMA, State Bar No. 270945
2    *etakashima@bsfllp.com*
   **BOIES SCHILLER FLEXNER LLP**
3  401 Wilshire Blvd, Suite 850
   Santa Monica, CA 90401
4  Telephone: (310) 752-2400
   Facsimile:  (310) 752-2490
5
   Counsel for Defendants
6  ABS HEALTHCARE SERVICES, LLC and
   HEALTH OPTION ONE, LLC
7
8
9                **UNITED STATES DISTRICT COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11
   LEGACY INSURANCE SOLUTIONS          Case No. 2:20-cv-04097-DSF-JEM
12 LLC, a California limited liability
   company, and BRADLEY TIERNEY an     **DEFENDANTS' NOTICE OF**
13 individual,                          **MOTION AND MOTION TO**
                                        **DISMISS FOR FORUM *NON***
14                                      ***CONVENIENS*, OR,**
                 Plaintiffs,            **ALTERNATIVELY, TO**
15                                      **TRANSFER PURSUANT TO 28**
                                        **U.S.C. § 1404(a); MEMORANDUM**
16        v.                            **OF POINTS AND AUTHORITIES**
17
   ABS HEALTHCARE SERVICES, LLC, a     *[Proposed Order filed concurrently*
18 Florida limited liability company, and *herewith]*
   HEALTH OPTION ONE, LLC, a Florida
19 limited liability company, and DOES I The Honorable Dale S. Fischer
   through 20, inclusive,
20                                      Date:      June 15, 2020
21                                      Time:      1:30 pm
                 Defendants.            Courtroom: 7D
22
23                                      Removal Filed: May 4, 2020
                                        State Court Filing: April 23, 2020
24
25
26
27
28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 15, 2020, at 1:30 pm, or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Dale S. Fischer, located in First Street Courthouse, 350 West 1st Street, Courtroom 7D, Los Angeles, California, Defendants ABS HEALTHCARE SERVICES, LLC and HEALTH OPTION ONE, LLC will and hereby does move this Court to Dismiss for Forum *Non Conveniens*, or, Alternatively, to Transfer Pursuant to 28 U.S.C. § 1404(a).

This Motion is made upon the following grounds:

This Court should enforce the forum selection clause that Tierney agreed to and dismiss this case based on the doctrine of forum *non conveniens* so that it may be litigated as part of the already-pending lawsuit in Broward County, Florida. Alternatively, this court should transfer this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 15, 2020.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

DATED:  May 15, 2020                    Respectfully submitted,

                                        **BOIES SCHILLER FLEXNER LLP**

                                        By:  */s/ Edward H. Takashima*
                                        EDWARD H. TAKASHIMA
                                        Counsel for Defendants
                                        ABS HEALTHCARE SERVICES, LLC and
                                        HEALTH OPTION ONE, LLC

# <u>TABLE OF CONTENTS</u>

**INTRODUCTION** ........................................................................................... 1

**BACKGROUND** ............................................................................................. 1

**ARGUMENT** .................................................................................................. 2

     **I.**    **THE FORUM SELECTION CLAUSE IS VALID AND ENFORCEABLE** .................................................................. 3

     **II.**   **DISMISSAL BASED ON FORUM *NON CONVENIENS* IS APPROPRIATE SO THAT THE ACTION MAY PROCEED IN FLORIDA STATE COURT** ................................................ 5

     **III.**  **ALTERNATIVELY, TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA IS PROPER UNDER 28 U.S.C. § 1404(A)** ........................................................................... 7

     **IV.**  **LEGACY'S CLAIMS MUST BE TRANSFERRED AS WELL** ........ 8

**CONCLUSION** .............................................................................................. 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*,
   571 U.S. 49 (2013) ..............................................................................passim

*Baker v. LeBoeuf, Lamb, Leiby & Macrae*,
   105 F.3d 1102 (6th Cir.1997) ..................................................................10

*Batchelder v. Kawamoto*,
   147 F.3d 915 (9th Cir. 1998) .....................................................................4

*Bromlow v. D & M Carriers, LLC*,
   19-CV-05358-JSW, 2020 WL 701979 (N.D. Cal. Feb. 11, 2020) ...........9

*Callaway Golf Co. v. Corp. Trade Inc.*,
   09CV384 L(POR), 2010 WL 743829 (S.D. Cal. Mar. 1, 2010) ...............7

*Carnival Cruise Lines, Inc. v. Shute*,
   499 U.S. 585 (1991) .................................................................................11

*Clinton v. Janger*,
   583 F. Supp. 284 (N.D.Ill.1984) ..............................................................11

*Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*,
   709 F.2d 190 (3d Cir.1983) ................................................................10, 11

*Cung Le v. Zuffa, LLC*,
   108 F. Supp. 3d 768 (N.D. Cal. 2015). ......................................................9

*Finsa Portafolios, S.A. de C.V. v. OpenGate Capital, LLC*,
   2:17-CV-04360-RGK-E, 2017 WL 6882888 (C.D. Cal. Sept. 26, 2017)...............9

*First Fin. Mgmt. Grp., Inc. v. Univ. Painters of Baltimore, Inc.*,
   2012 WL 1150131 (E.D. Pa. Apr. 5, 2012) .............................................10

*Hodes v. S.N.C. Achille Lauro ed Altri–Gestione*,
   858 F.2d 905 (3d Cir.1988) ......................................................................11

*Lauro Lines s.r.l. v. Chasser*,
   490 U.S. 495 (1989) ............................................................................10, 11

*Lipcon v. Underwriters at Lloyd's, London*,
   148 F.3d 1285 (11th Cir. 1998) ................................................................10

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) .......................................................................................3

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
   858 F.2d 509 (9th Cir. 1988)...............................................................4, 8

*Marano Enters. of Kan. v. Z–Teca Rests.*,
   L.P., 254 F.3d 753 (8th Cir. 2001) ..........................................................10

DEFENDANTS' MOTION TO DISMISS, OR, ALTERNATIVELY, TO TRANSFER

*McNair v. Monsanto Co.*,
279 F. Supp. 2d 1290 (M.D.Ga.2003).................................................................10

*Mechanix Wear, Inc. v. Performance Fabrics, Inc.*,
216CV09152ODWSS, 2017 WL 417193 (C.D. Cal. Jan. 31, 2017)........................5

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004).................................................................................3

*Ponomarenko v. Shapiro*,
287 F. Supp. 3d 816 (N.D. Cal. 2018) (quoting *Atlantic Marine*, 571 U.S. 49)........3

*Rowen v. Soundview Communications, Inc.*,
14-CV-05530-WHO, 2015 WL 899294 (N.D. Cal. Mar. 2, 2015)...........................5

*S & J Rentals, Inc. v. Hilti, Inc.*,
294 F. Supp. 3d 978 (E.D. Cal. 2018).....................................................................6

*Scales v. Badger Daylighting Corp.*,
117CV00222DADJLT, 2017 WL 2379933 (E.D. Cal. June 1, 2017)......................5

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988)................................................................................................11

*Sun v. Advanced China Healthcare, Inc.*,
901 F.3d 1081 (9th Cir. 2018).........................................................................2, 4, 7

*Synthes, Inc. v. Emerge Medical, Inc.*,
887 F. Supp. 2d 598 (E.D. Pa. 2012) ....................................................................10

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*,
915 F.2d 1351 (9th Cir. 1990).................................................................................8

*Taub v. Parker Jewish Inst. for Health Care & Rehab.*,
18-CV-07491-RS, 2019 WL 3292369 (N.D. Cal. July 22, 2019) ...........................6

*Vistage Worldwide, Inc. v. Knudsen*,
No. 19-cv-01351-JLB, 2020 WL 71140 (S.D. Cal. Jan. 7, 2020) ...........................9

**Statutes**

28 U.S.C. § 1404(a) .........................................................................................1, 11

**Other Authorities**

769 Fed. Appx. 429 (9th Cir. 2019).........................................................................9

**Rules**

Fed. R. Civ. P. 10(c) ..............................................................................................1

**INTRODUCTION[1]**

This lawsuit is little more than an attempt by Plaintiff Brad Tierney ("Tierney") to avoid the contractual promises he made in 2016 when he lived in Florida and executed an ICD Agent or Agency of Record Agreement with Defendants ABS Healthcare Services, LLC and Health Option One, LLC (collectively, "ICD"). That contract contained a valid forum selection clause mandating that, with respect to disputes arising out of or related to the agreement, "venue shall lie in Broward County, Florida." Worse yet, Tierney filed this lawsuit only *after* ICD sued him in Broward County, Florida,[2] in compliance with the venue agreement. Tierney admits that this action is a duplicate of the first-filed Florida action because it concerns the exact same subject matter as this lawsuit.[3]

This Court should not condone Tierney's flagrant forum shopping and attempts to undermine well-settled principles of judicial comity. Instead, this Court should enforce the forum selection clause that Tierney agreed to and dismiss this case based on forum *non conveniens* so that it may be litigated as part of the already-pending lawsuit in Broward County, Florida. Alternatively, this court should transfer this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

**BACKGROUND**

Tierney signed an ICD Agent or Agency of Record Agreement between himself and ICD on January 4, 2016, which he attached to his complaint. D.E. 1-1 at 16, 28, 30. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The agreement contains a forum selection provision, which provides:

> This Agreement and the relationship of the parties shall be governed by the laws
> of the State of Florida applicable to agreements executed and performed within

---

[1] ICD files this motion subject to and without waiving the defenses in its Rule 12(b) motion to dismiss, also filed today.
[2] *See* D.E. 15-2.
[3] D.E. 22-1 at 6 ("These parties, issues and agreements are already involved in the Prior State and Federal California Actions.")

the State of Florida and without giving effect to any statutes or rules relating to the conflict of laws. The Parties agree and acknowledge that in the negotiating and executing of this agreement and in the performance of this Agreement, they are ***purposefully availing themselves of the benefits and laws of the state of Florida as to any dispute arising out of or related to the inception or performance of this Agreement***. The Parties hereby waive their right to contest the exercise of personal jurisdiction over them in the State of Florida. ***The Parties further agree that venue shall lie in Broward County, Florida.*** ICD may pursue its equitable remedies, including specific performance, injunctions and restraining orders in any court of competent jurisdiction.

*Id.* at 26 ¶ XV.A (emphasis added).

## ARGUMENT

This case is governed by a valid, mandatory forum selection clause in the contract between ICD and Tierney, which specifies that the venue for all disputes "shall lie in Broward County, Florida."  Because this clause must be given proper effect, dismissal or transfer to Broward County, Florida is proper.

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum *non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62–63 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"  *Id.* "The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'"  *Id.* "For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' '***a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases***.'"  *Id.* (emphasis added).[4]

_____

[4] The Ninth Circuit has clarified that such exceptional cases generally include only those where "(1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court."  *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quotation omitted). None of these issues is present in this case.

Thus "where a valid forum selection clause preselects a different forum than the one selected by the plaintiff, the § 1404(a) analysis is altered in three ways: (1) the plaintiff's choice of forum 'merits no weight,' and the burden shifts to the plaintiff to show why the action should not be transferred to the preselected forum; (2) the court 'must deem the private-interest factors to weigh entirely in favor of the preselected forum'; and (3) a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 833–34 (N.D. Cal. 2018) (quoting *Atlantic Marine*, 571 U.S. 49) (internal quotation marks omitted). In addition, "federal law," rather than state law, "governs the District Court's decision whether to give effect to the parties' forum-selection clause." *Atlantic Marine*, 571 U.S. at 58 (quotation omitted).

## I.  THE FORUM SELECTION CLAUSE IS VALID AND ENFORCEABLE

"A valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine*, 571 U.S. at 63 (quotation omitted).  The forum selection clause in the Independent Agent Agreement is valid on its face.  Forum selection clauses are "presumptively valid" and "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances").  Additionally, although Tierney has suggested that he did not recall signing the contract, "simply alleging that one was duped into signing the contract is not enough . . . For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the inclusion of that clause in the contract was the product of fraud or coercion." *Batchelder v.*

1   *Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998), as amended (July 15, 1998) (quotation
2   omitted).

3        Further, the clause governs this dispute.  The clause applies to "any dispute
4   arising out of or related to the inception or performance of th[e] Agreement."  D.E. 1-
5   1 at 26.  The claims here plainly arise out of or relate to the inception or performance
6   of the agreement.  *See Sun*, 901 F.3d at 1086 (9th Cir. 2018) ("[F]orum-selection
7   clauses covering disputes 'relating to' a particular agreement apply to any disputes that
8   reference the agreement or have some 'logical or causal connection' to the agreement.
9   . . . The dispute need not grow out of the contract or require interpretation of the
10  contract in order to relate to the contract.").  Here, Count I seeks declaratory relief
11  concerning the validity of the agreement.  D.E. 11 ¶ 34.  Counts II and III allege that
12  ICD engaged in unfair competition by requiring Tierney to sign the agreement and
13  enforcing the agreement.  *Id.* ¶¶ 46-47, 53-54.  Moreover, each of these claims
14  specifically request an interpretation of the contract, and the Ninth Circuit has noted
15  that "Whether a forum selection clause applies to tort claims depends on whether
16  resolution of the claims relates to interpretation of the contract."  *Manetti-Farrow, Inc.*
17  *v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).

18       Because Plaintiffs' claims "relate[] to" the contract, they are subject to the forum
19  selection clause, and the burden falls on Plaintiffs to demonstrate why this is an
20  "exceptional case[]" that requires that the clause not be enforced.  *Atlantic Marine*, 571
21  U.S. at 63.  Plaintiffs cannot do so, because the clause is eminently reasonable: Tierney,
22  then a Florida resident with a Florida address, signed the contract with ICD, who is and
23  remains a Florida-based company.  Tierney cannot avoid the sensible obligations that
24  he agreed to while he was a Florida resident by subsequently moving to California and
25  claiming that it would be inconvenient or otherwise improper to litigate that agreement
26  in Florida.

27

28

Although Plaintiffs may argue that enforcing the forum selection clause would contravene California public policy inasmuch as the agreement contains noncompetition and nonsolicitation covenants that may be otherwise unenforceable in California, courts have repeatedly rejected such an argument.  "This Court and others have repeatedly and definitely foreclosed the exact argument Plaintiffs make here: that California's public policy against non-compete agreements renders forum selection clauses in those agreements unreasonable."  *Mechanix Wear, Inc. v. Performance Fabrics, Inc.*, 216CV09152ODWSS, 2017 WL 417193, at *7 (C.D. Cal. Jan. 31, 2017) (collecting cases).  Rather, "the only relevant consideration is whether the forum selection clause itself violates California's public policy, not the agreement in which it appears."  *Id.*; s*ee also Rowen v. Soundview Communications, Inc.*, 14-CV-05530-WHO, 2015 WL 899294, at *4-5 (N.D. Cal. Mar. 2, 2015) ("[A]bsent a total foreclosure of remedy in the transferee forum, courts tether their policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable only when it contravenes a policy specifically related to venue…. courts in this District have applied this analysis when addressing the main public policy asserted here, California's prohibition on non-compete agreements.") (collecting cases); *Scales v. Badger Daylighting Corp.*, 117CV00222DADJLT, 2017 WL 2379933, at *5 (E.D. Cal. June 1, 2017) ("[P]laintiff's argument is essentially that enforcement of the forum selection clause in this case would violate California's public policy against covenants not to compete.  . . . As defendants correctly note, 'California district courts have found this to be unpersuasive.'") (collecting cases).

## II.   DISMISSAL BASED ON FORUM *NON CONVENIENS* IS APPROPRIATE SO THAT THE ACTION MAY PROCEED IN FLORIDA STATE COURT

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum *non conveniens*. Section 1404(a) is merely a codification of the doctrine of forum *non conveniens* for the subset of cases

in which the transferee forum is within the federal court system." *Atlantic Marine*, 571 U.S. at 60. "[B]ecause both § 1404(a) and the forum *non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61.

Accordingly, courts regularly dismiss actions under the forum *non conveniens* doctrine where the most appropriate venue is in state court, rather than another federal court, so there is no procedural mechanism akin to § 1404(a) that could be used to transfer the case. In *Sun*, 901 F.3d at 1093, the court affirmed dismissal under forum *non conveniens* where, given a forum selection clause, the proper venue was a different state court. *See also, e.g., Taub v. Parker Jewish Inst. for Health Care & Rehab.*, 18-CV-07491-RS, 2019 WL 3292369, at *8 (N.D. Cal. July 22, 2019) (same); *S & J Rentals, Inc. v. Hilti, Inc.*, 294 F. Supp. 3d 978, 989-90 (E.D. Cal. 2018) (same).

Here, dismissal based on forum *non conveniens* is proper because a similar action is *actually pending and proceeding in Florida state court*. D.E. 15-2, D.E. 22-1 at 6. Tierney is a defendant in that action—which he admits this action duplicates—and has appeared and filed motions in that action. In fact, there are hearings already scheduled for May 26, 2020 (on ICD's Motion for Injunctive Relief) and June 2, 2020 (on Tierney's "Motion to Stay or Abate Proceedings Pending Resolution of the Prior California Action, Motion to Quash Service of Process, and Motion to Dismiss") before Judge Carol-Lisa Phillips of the 17th Judicial Circuit Court of Florida, Broward County Civil Division.

Because Tierney may bring any claims he has against ICD as counterclaims in that action, it would serve judicial economy and efficiency to dismiss the action so that it may be pursued in the Florida state court where it is already being litigated.[5] This

---

[5] Plaintiff Legacy, which is Tierney's company, can obviously file a claim in the Florida action. However, as discussed in ICD's Rule 12(b)(6) motion, also filed

1 course of action would thus serve the public interest in enforcing contractual

2 obligations.[6]  *See Sun*, 901 F.3d at 1088 (noting that a court may consider factors

3 relating to the public interest, and that "those factors will rarely defeat a transfer

4 motion").

5 **III.  ALTERNATIVELY, TRANSFER TO THE SOUTHERN DISTRICT OF**

6 **FLORIDA IS PROPER UNDER 28 U.S.C. § 1404(A)**

7       Alternatively, if this Court finds that dismissal of this action to allow Tierney to

8 assert his claims in Broward County is not appropriate, it should, pursuant to Section

9 1404(a), transfer this action to the Southern District of Florida, which encompasses

10 Broward County, Florida.  *See Atlantic Marine*, 571 U.S. at 62 (noting that the lower

11 court "correctly identified § 1404(a) as the appropriate provision to enforce the forum-

12 selection clause in this case").

13       28 U.S.C. §1404(a) provides that "For the convenience of parties and witnesses,

14 in the interest of justice, a district court may transfer any civil action to any other district

15 or division where it might have been brought or ***to any district or division to which all***

16 ***parties have consented***" (emphasis added).   As explained above, "because the

17 overarching consideration under § 1404(a) is whether a transfer would promote 'the

18 interest of justice,' 'a valid forum-selection clause [should be] given controlling weight

19 in all but the most exceptional cases.'"  *Atlantic Marine*, 571 U.S. at 63.

20       Accordingly, if this court declines to dismiss based on forum *non conveniens* so

21 that the action may be pursued in Florida State Court, then this Court should transfer

22 this case to the Southern District of Florida pursuant to Section 1404(a).

23 _____

24 today, Legacy has no claim against ICD and merely seeks to recover damages for
ICD's enforcement of the agreement against Tierney.

25 [6] Further, in assessing venue transfers even under the traditional factors, "An important

26 consideration in determining whether the interests of justice dictate a transfer of venue
is the pendency of a related case in the transferee forum."  *Callaway Golf Co. v. Corp.*

27 *Trade Inc.*, 09CV384 L(POR), 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010).  That
is clearly the case, where the parties have agreed that venue "shall lie" in the transferee

28 forum.

IV.    **LEGACY'S CLAIMS MUST BE TRANSFERRED AS WELL**

Although only Tierney, and not Legacy, signed the contract containing the forum selection clause, the above analysis applies with equal force to Legacy; Legacy is bound by the terms of the forum selection clause.[7]

In the Ninth Circuit, non-signatories to a forum selection clause are nonetheless bound by the agreement when the conduct of the non-signatory (Legacy) is closely related to the contractual relationship. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 at n.5 (9th Cir. 1988) ("We agree with the district court that the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants."); *see also TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990) ("It is not unreasonable or unjust to enforce the clause even though some of them did not sign the agreement."). Here, Legacy is a vehicle that Tierney owns and uses to sell insurance— in violation of his agreement with ICD.   Tierney's sale of insurance through Legacy directly implicates the agreement, including its binding forum selection clause mandating transfer to Florida.

Legacy's request for a determination of the rights of the parties under the contract is a concession that its claims rise or fall on the contractual dispute between ICD and Tierney.  D.E. 1-1 at ¶¶ 29-44. That is why in Plaintiffs' complaint, they assert that they are:

> seeking to resolve an actual controversy with Defendants regarding the rights and obligations of the parties relating to, and arising from Defendants' Independent Agent or Agency of Record Agreement ("Independent Agent Agreement") entered into between Tierney and Defendants.

*Id.* at ¶ 2 (emphasis added.)  Of course, that is the very agreement that contains the venue provision.  Legacy cannot seek a determination of its rights under this agreement

---

[7] As ICD explains in its motion to dismiss, also filed today, Legacy is merely a nominal party and its claims have no merit.  If this Court disagrees, however, then it should find that Legacy's claims are governed by the forum selection clause.

1  and at the same time argue that it is distant from it. Since Legacy's conduct is closely
2  related to the contractual relationship between ICD and Tierney, Legacy is bound by
3  the terms of the forum selection clause.

4       The relationship between Tierney and Legacy is precisely the type of
5  relationship that California courts have found sufficient to bind non-signatories to a
6  forum selection clause. "Non-signatories are typically bound by . . . forum-selection
7  clauses in circumstances where they have an agency relationship of some kind with a
8  signatory or the signatory is a predecessor-in-interest." *Bromlow v. D & M Carriers,*
9  *LLC*, 19-CV-05358-JSW, 2020 WL 701979, at *4 (N.D. Cal. Feb. 11, 2020) (citing
10 *Vistage Worldwide, Inc. v. Knudsen*, No. 19-cv-01351-JLB, 2020 WL 71140, at *6–8
11 (S.D. Cal. Jan. 7, 2020) (collecting cases)); *see also Finsa Portafolios, S.A. de C.V. v.*
12 *OpenGate Capital, LLC*, 2:17-CV-04360-RGK-E, 2017 WL 6882888, at *7 (C.D. Cal.
13 Sept. 26, 2017), *aff'd*, 769 Fed. Appx. 429 (9th Cir. 2019), *and aff'd*, 769 Fed. Appx.
14 429 (9th Cir. 2019) (enforcing forum selection clause against non-signatory where
15 there was a close relationship among the defendants, and the non-signatory's wrongful
16 conduct was "intimately tied to the eventual contract that plaintiff signed").

17      This case is similar to *Cung Le v. Zuffa, LLC*, where some plaintiffs had signed
18 agreements with forum-selection clauses, and others had not; yet the court found that
19 the forum selection clause applied to all parties and the entire case was transferred. 108
20 F. Supp. 3d 768, 775 at n. 4 (N.D. Cal. 2015). The court explained that non-signatory
21 plaintiffs had "subjected their cases to the applicable forum-selection clause by
22 choosing to join a[n] action with other [signatory] plaintiffs." *Id.* In so concluding, the
23 *Cung Le* court noted the language of the forum-selection clause at issue, which applied
24 to "any action brought by either party to interpret or enforce any provision" of the
25 agreement. *Id.* at 775. The court underscored that the forum-selection clause applied to
26 "*actions*," "not just individual claims." *Id.* at 775 n.4 (emphasis added). Similarly, the
27 forum selection clause at issue in this action refers to "any *dispute* arising out of or

28

related to the inception of performance of this Agreement[.]" D.E. 1-1 at 25 (emphasis added). Legacy has joined this action to seek an interpretation of its rights and obligations under this agreement; Legacy is bound by the terms of this forum selection clause which refers to disputes, not just claims, and requires transfer to Broward County.

Courts across the country follow this same approach—binding non-signatories to forum selection clauses where the non-signatory is closely related to the conduct underlying the dispute. *See, e.g., Synthes, Inc. v. Emerge Medical, Inc.*, 887 F. Supp. 2d 598, 611-12 (E.D. Pa. 2012) (holding non-signatory was bound by a forum selection clause contained in a non-compete signed by individuals with whom the non-signatory conspired to create and run a company that violated the non-compete); *First Fin. Mgmt. Grp., Inc. v. Univ. Painters of Baltimore, Inc.*, 2012 WL 1150131, at *3 (E.D. Pa. Apr. 5, 2012) (recognizing "when signatories and non-signatories act together against the interests of the plaintiff, the non-signatory co-conspirators may also be bound by the forum selection clause"); *McNair v. Monsanto Co.,* 279 F. Supp. 2d 1290, 1309–10 (M.D.Ga.2003) ("[W]here the record shows that some of the Plaintiffs are not bound by the forum selection clause, the Court finds that those Plaintiffs are bound by their choice to bring suit in concert with others that are."). Specifically, many circuits have, like the Ninth Circuit, endorsed the "closely related" doctrine for applying forum selection clauses. *See, e.g., Marano Enters. of Kan. v. Z–Teca Rests., L.P.*, 254 F.3d 753, 757–58 (8th Cir. 2001); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998); *Baker v. LeBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1105–06 (6th Cir. 1997); *see also Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983) (refusing to absolve a third-party beneficiary from the strictures of a forum selection clause which was foreseeable), *overruled on other grounds by Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989).

1      This is based on the idea that "a range of transaction participants, parties and

2  non-parties, should benefit from and be subject to forum selection clauses." *Clinton v.*

3  *Janger*, 583 F. Supp. 284, 290 (N.D.Ill.1984) (citing *Coastal Steel Corp. v. Tilghman*

4  *Wheelabrator Ltd.*, 709 F.2d 190, 202–03 (3d Cir. 1983)). Forum selection clauses

5  have the "salutary effect of dispelling any confusion about where suits arising from the

6  contract must be brought and defended, sparing litigants the time and expense of

7  pretrial motions to determine the correct forum and conserving judicial resources that

8  otherwise would be devoted to deciding those motions." *Carnival Cruise Lines, Inc. v.*

9  *Shute*, 499 U.S. 585, 593–94 (1991). They also "further[ ] vital interests of the justice

10 system," including judicial economy and efficiency, *Stewart Org., Inc. v. Ricoh Corp.*,

11 487 U.S. 22, 33 (1988) (Kennedy, J., concurring), and ensure that parties will not be

12 "required to defend lawsuits in far-flung fora[,] ... and promote uniformity of result."

13 *Hodes v. S.N.C. Achille Lauro ed Altri–Gestione*, 858 F.2d 905, 913 (3d Cir.1988)

14 (internal citations and quotation marks omitted), *overruled on other grounds by Lauro*

15 *Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989)).

16     Binding precedent in the Ninth Circuit, cases across the California district courts,

17 and courts all across the country agree that non-signatories whose conduct is closely

18 related to the dispute are bound by a forum selection clause. The law compels that

19 result in this action. Legacy is bound by the forum selection clause, and this case should

20 be dismissed so it may proceed in state court in Broward County.

21 **CONCLUSION**

22     For the foregoing reasons, ICD respectfully requests that this Court dismiss this

23 case based on forum *non conveniens* so that it can be pursued as part of the already-

24 pending action in Broward County, Florida.  Alternatively, this Court should transfer

25 this case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

26

27

28

1

DATED:  May 15, 2020

Respectfully submitted,

2

**BOIES SCHILLER FLEXNER LLP**

3

By: _/s/ Edward H. Takashima_

4

EDWARD H. TAKASHIMA, State Bar No.
270945

5

 etakashima@bsfllp.com

6

**BOIES SCHILLER FLEXNER LLP**
401 Wilshire Blvd, Suite 850

7

Santa Monica, CA 90401
Telephone: (310) 752-2400

8

Facsimile:  (310) 752-2490

9

10

Counsel for Defendants
ABS HEALTHCARE SERVICES, LLC and

11

HEALTH OPTION ONE, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28