EDWARD H. TAKASHIMA, State Bar No. 270945
    *etakashima@bsfllp.com*
**BOIES SCHILLER FLEXNER LLP**
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
Telephone: (310) 752-2400
Facsimile:  (310) 752-2490

Counsel for Defendants
ABS HEALTHCARE SERVICES, LLC and
HEALTH OPTION ONE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LEGACY INSURANCE SOLUTIONS LLC, a California limited liability company, and BRADLEY TIERNEY an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>ABS HEALTHCARE SERVICES, LLC, a Florida limited liability company, and HEALTH OPTION ONE, LLC, a Florida limited liability company, and DOES I through 20, inclusive,<br><br>        Defendants. | Case No. 2:20-cv-04097-DSF-JEM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO HAVE THIS COURT RETAIN JURISDICTION AS AGAINST DEFENDANTS ASSERTION OF FLORIDA STATE COURT JURISDICTION PENDING A HEARING ON PLAINTIFFS' MOTION TO RETAIN CALIFORNIA JURISDICTION** |

# **TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................1

**BACKGROUND** ................................................................................................1

**ARGUMENT** ....................................................................................................2

    **A.**    **Because ICD Seeks Only to Enforce the Valid, Binding Forum Selection Clause, Donovan Is Inapplicable** ...........................................2

    **B.**    **ICD Does Not Seek to Prevent Tierney from Bringing Suit in Federal Court** ........................................................................................5

    **C.**    **The Anti-Injunction Act Precludes Issuing the Relief Plaintiffs' Seek** ................................................................................................5

    **D.**    **Plaintiffs' Motion Contradicts Their Own Contemporaneous Position on this Court's Jurisdiction** ......................................................6

    **E.**    **Plaintiffs Are Not "Likely" to Suffer Irreparable Harm** ...................7

**CONCLUSION** ..................................................................................................7

1
2
## TABLE OF AUTHORITIES

**Cases**

3
*Advanced Bionics Corp. v. Medtronic, Inc.,*
   29 Cal. 4th 697 P.3d 231 (2002) ...........................................................................4

4
*Applied Med. Distribution Corp. v. Surgical Co. BV,*
5
   587 F.3d 909 (9th Cir. 2009).................................................................................4

6
*Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers,*
   398 U.S. 281 (1970) ...........................................................................................5, 6

7
*Donovon v. City of Dallas,*
8
   377 U.S. 408 (1964) ......................................................................................1, 2, 4

9
*E. & J. Gallo Winery v. Andina Licores S.A.,*
   446 F.3d 984 (9th Cir. 2006).................................................................................4

10
*Gen. Atomic Co. v. Felter,*
11
   434 U.S. 12 (1977) ...............................................................................................3

12
*M/S Bremen v. Zapata Off–Shore Co.,*
   407 U.S. 1 (1972) .................................................................................................3

13
*Manrique v. Fabbri,*
14
   493 So. 2d 437 (Fla. 1986)...................................................................................3

15
*Mastronardi Int'l Ltd. v. SunSelect Produce (California), Inc.,*
   118CV00737AWIJLT, 2020 WL 520167 (E.D. Cal. Jan. 31, 2020) .................4

16
*Negrete v. Allianz Life Ins. Co. of N. Am.,*
17
   523 F.3d 1091 (9th Cir. 2008)..............................................................................6

18
*Proctor v. Vishay Intertechnology, Inc.,*
   152 Cal. Rptr. 3d 914 (Ct. App. 2013) .................................................................4

19
*Smith, Valentino & Smith, Inc. v. Super. Ct.,*
20
   17 Cal.3d 491 (Cal. 1976) .....................................................................................3

21
*United Brands, S.A. v. Diageo Dominicana, S.R.L.,*
   209 So. 3d 67 (Fla. 3d DCA 2016) .......................................................................6

22
**Federal Statutes**

23
22 U.S.C. § 2283................................................................................................................5

24
**Other Authorities**

25
Charles Alan Wright et al.,
26
   17A *Federal Practice & Procedure* § 4225 (3d ed. 2020 ) .....................................6

27
28

## INTRODUCTION[1]

There are five independent reasons why Plaintiffs' motion should be denied.

*First*, there is a clear, unambiguous forum selection clause in the Agreement at issue in which Tierney (the only party sued in the Florida action) waived his right to sue outside of Florida and agreed that all litigation arising out of, or relating to, the Agreement would be in Florida.  No federal case applying *Donovan v. City of Dallas,* 377 U.S. 408 (1964), the principal predicate for Plaintiffs' motion, has ever involved the enforcement of a forum selection clause.

*Second*, Defendants do not seek to prevent Tierney from bringing suit in federal court, so long as he complies with the Agreement's venue provision.  On the contrary, Defendants have moved to have this case transferred to the federal court in Broward County, Florida (where the forum selection clause would be satisfied and where the Court would unquestionably have personal and subject matter jurisdiction over any litigation between Tierney and Defendants).

*Third*, because the injunction Plaintiffs seek would preclude the state court from adjudicating the merits of the parties' forum selection clause and, if found valid, enforcing that clause, Plaintiffs' motion is barred by the Anti Injunction Act.

*Fourth*, Plaintiffs make their motion even though they are simultaneously taking the position in their motion to remand that this Court lacks subject matter jurisdiction and therefore (a) does not have any jurisdiction to interfere with, and (b) does not have jurisdiction to enter, the order Plaintiffs seek.

*Fifth*, Plaintiffs have not shown any "likely" threat of irreparable harm.

## BACKGROUND

Plaintiff Tierney and Defendants ABS Health Services, LLC and Health Option One, LLC (Defendants collectively referred to as "ICD") are parties to an agreement

---

[1] This Court held that Plaintiffs' application was not appropriate for expedited, *ex parte* treatment and set a regular briefing schedule.  D.E. 26.  Defendants instead address only the merits of the application.

titled "Independent Agent or Agency of Record Agreement" (the "ICD Exclusive Agent Agreement").  *See* D.E. 1-1 at 16.  That agreement provides in clear and unambiguous language that venue for any dispute arising out of or related to the performance of the agreement "shall lie in Broward County, Florida."  *Id*. at 26, Section XV.  That is why—*before* Tierney commenced this action in California state court—ICD filed its action in Broward County to seek redress for Tierney's violations of the ICD Exclusive Agent Agreement.[2]  Rather than defend that first-filed action in the exclusive venue to which he agreed when he executed the agreement, Tierney chose to file this action in an effort to end-run the venue provision of the agreement.

## **ARGUMENT**

### A.   **Because ICD Seeks Only to Enforce the Valid, Binding Forum Selection Clause, Donovan Is Inapplicable**

Plaintiffs seek to enjoin the Florida state court—where venue properly lies—based on the holding in *Donovan v. City of Dallas*, 377 U.S. 408 (1964), that a state court may not enjoin a party from exercising his right to litigate in a federal court. However, there was no forum selection clause in *Donovan*, and *Donovan* has no application to this case.  Insofar as we are aware, no federal court has ever, based on the rule in *Donovan*, enjoined a state court, or parties litigating in state court, from enforcing a valid forum selection clause, and Plaintiffs cite none.

Here, ICD in the Florida action seeks only to enjoin Tierney from violating his agreement to litigate his dispute with ICD in Florida, which is a right bargained for by ICD.   ICD thus has requested an injunction "enforcing the clear and unambiguous provision in the agreement at issue in this lawsuit (which designates Broward County as the sole and exclusive venue)." Exhibit 1 at 15.[3]  ***There was no such agreement as***

---

[2] The Florida action was filed on April 22, 2020, D.E. 15-2, whereas the California action was filed on April 23, 2020, D.E. 1-1.

[3] "Exhibit" refers to exhibits to the Declaration of Edward H. Takashima, attached hereto. Exhibit 1 is ICD's Motion for Anti-Suit Injunction, filed in Florida state court on May 8, 2020.

1    *to venue in Donovan*.  That is a critical distinction because ICD's motion is based on

2    Tierney's selection of a venue at the time of the agreement—and is not an attempt to

3    force upon Tierney a venue to which he has not agreed.

4        As the Supreme Court has recognized, *Donovan* "was premised on the fact that

5    the right to litigate in federal court is granted by Congress and, consequently, 'cannot

6    be taken away by the State.'" *Gen. Atomic Co. v. Felter*, 434 U.S. 12, 16 (1977).  Here,

7    Tierney's right to litigate in federal court is not in danger of being "taken away by" the

8    state court.  Tierney voluntarily gave up his right to litigate outside Florida when he

9    signed his agreement.  Tierney could have chosen to file this action in federal court in

10   Florida.  But what Tierney could ***not*** do is bring this action in a court located outside

11   of Broward County, Florida.  He waived the right to do that when he entered into the

12   agreement with ICD.

13       Indeed, such forum selection agreements are routinely enforced by federal

14   courts, *see M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972), by California

15   courts, *see Smith, Valentino & Smith, Inc. v. Super. Ct.*, 17 Cal.3d 491 (Cal. 1976), and

16   by Florida courts, *see Manrique v. Fabbri*, 493 So. 2d 437 (Fla. 1986).  The reason for

17   that, as explained by the Florida Supreme Court, makes clear why the requested

18   injunction here should issue: venue agreements "eliminate uncertainty as to the nature,

19   location, and outlook of the forum in which parties ... might find themselves." *Id.* at

20   439 (citing *Zapata*, 407 U.S. at 13–15).  Tierney's violation of the venue provision of

21   his agreement with ICD undermines not only ICD's contractual rights, but federal

22   public policy.

23       It should be noted that, despite his enthusiastic defense of this Court's

24   jurisdiction, Tierney is not even trying to proceed in this Court.  Tierney filed his

25   lawsuit in *state court* in California and ICD removed it to federal court.  Tierney has

26   argued in that case that there is no federal subject matter jurisdiction and has moved to

27   remand the action to California state court.  *Donovan* by its terms bars injunctions

28   against federal court ligation where "plaintiffs in the second suit chose to file that case

in the federal court." 377 U.S. at 412.  Tierney did not choose to file his action in this Court and, instead, is fighting to get out of this Court.

California courts, where Tierney wants to pursue his action, have recognized the proprietary of both issuing and deferring to anti-suit injunctions. *See Advanced Bionics Corp. v. Medtronic, Inc.*, 29 Cal. 4th 697, 704, 59 P.3d 231 (2002), as modified (Mar. 5, 2003) ("the courts of this state have the same power to restrain persons within the state from prosecuting actions in either domestic or foreign jurisdictions which courts of equity have elsewhere") (quotation omitted); *Proctor v. Vishay Intertechnology, Inc.*, 152 Cal. Rptr. 3d 914, 923 (Ct. App. 2013) (noting that that the "principle" that antisuit injunctions should be issued sparingly "is applicable to a court that is considering whether to issue such a restraint, not the court that must decide whether to honor it," and thus "any opposition to the antisuit injunction issued in Delaware should have been raised in the Delaware court," though ultimately finding it unnecessary to decide whether to honor the injunction).

Indeed, the Ninth Circuit has squarely supported the issuance of anti-suit injunctions to enforce forum selection clauses, noting that "without the availability of anti-suit injunctions, the vitality of forum selection clauses would be impermissibly and improvidently jeopardized." *Applied Med. Distribution Corp. v. Surgical Co. BV*, 587 F.3d 909, 919 (9th Cir. 2009) (finding district court abused its discretion in denying anti-suit injunction); *see also Mastronardi Int'l Ltd. v. SunSelect Produce (California)*, Inc., 118CV00737AWIJLT, 2020 WL 520167, at *9 (E.D. Cal. Jan. 31, 2020) ("'norms of comity' are generally not breached when an anti-suit injunction is required to uphold a forum-selection clause in a purely contractual dispute involving only private parties") (quoting *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 994 (9th Cir. 2006)).

**B.  ICD Does Not Seek to Prevent Tierney from Bringing Suit in Federal Court**

Contrary to Tierney's suggestions, ICD does not seek to prevent Tierney from prosecuting his action in federal court.  As discussed above, ICD only seeks to enforce the venue provision that the parties bargained for.  Tierney could have sued in federal court in Florida.  In fact, ICD has moved to transfer this action to federal court in Florida, where venue would be proper under the forum selection clause, and is prepared to litigate there.  Mr. Tierney can stipulate to that transfer at any time, and then litigate the claims by and against him in the federal court designated by the forum selection clause he agreed to.

**C.  The Anti-Injunction Act Precludes Issuing the Relief Plaintiffs' Seek**

Plaintiffs ask this Court to, among other things, enjoin "the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida from issuing any order or taking any action interfering with this Court's jurisdiction."  D.E. 22-2.  Such relief is forbidden by the Anti-Injunction Act, 28 U.S.C. § 2283, which states that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  The relief Plaintiffs seek would preclude the Florida court from adjudicating the merits of Plaintiffs' forum selection clause, and enforcing that clause were it found valid.

The Anti-Injunction Act is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions."  *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 286 (1970).  The relief Plaintiffs seek, enjoining a Florida state court that has concurrent jurisdiction over the parties from "interfering with this Court's jurisdiction," does not fall into any of the three exceptions, including the "necessary in aid of its jurisdiction" exception.

"In general, the necessary-in-aid-of-jurisdiction exception applies to in rem proceedings where the federal court has jurisdiction over the res and the state court

1   proceedings might interfere with that." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523

2   F.3d 1091, 1101 (9th Cir. 2008).  That "principle does not authorize interference with

3   parallel in personam state actions merely because the state courts might reach a

4   conclusion before the district court does." *Id.*  Thus an injunction is improper where

5   'the state and federal courts had concurrent jurisdiction ..., and neither court was free

6   to prevent either party from simultaneously pursuing claims in both courts.'" *Id.*

7   (quoting *Atlantic Coast Line*, 398 U.S. at 295).  The Ninth Circuit has been clear that

8   "the mere fact that the actions of a state court might have some effect on the federal

9   proceedings does not justify interference" and the "the mere fact that a state court may

10  reach a conclusion that differs from what a federal court would prefer does not change

11  the result." *Id.* at 1101-02; *see also* Charles Alan Wright et al., 17A *Federal Practice*

12  *& Procedure* § 4225 (3d ed. 2020 ) ("The general rule remains, however, that an

13  injunction cannot issue to restrain a state action in personam involving the same subject

14  matter from going on at the same time.").

15          Here, Plaintiffs seek to enjoin a concurrently-proceeding in personam action in

16  Florida.  As explained above, the thrust of the motion that ICD filed in the Florida

17  Court, *see* Exhibit 1, is to enforce the valid and binding forum selection clause, which

18  is a proper use of anti-suit injunctions under both Florida and California law.  *See*

19  *United Brands, S.A. v. Diageo Dominicana, S.R.L.*, 209 So. 3d 67 (Fla. 3d DCA 2016).

20          Plaintiffs cite no case, and we are aware of none, that grants the relief Plaintiffs

21  seek.

22      **D.    Plaintiffs' Motion Contradicts Their Own Contemporaneous Position**
23              **on this Court's Jurisdiction**

24          Plaintiffs have taken the position that this Court lacks subject matter jurisdiction

25  and should remand this action to California state court.  D.E. 10, D.E. 11.  Yet,

26  Plaintiffs now ask for this Court to enforce its jurisdiction *vis a vis* a Florida court.

27  These requests for relief are inherently contradictory; this Court should decline to grant

28

the requested relief so long as Plaintiffs maintain their position that this Court lacks subject matter jurisdiction.

### E.    Plaintiffs Are Not "Likely" to Suffer Irreparable Harm

"Plaintiffs must demonstrate that irreparable injury is *likely* in the absence of an injunction. A possibility of irreparable harm cannot support an injunction."[4]   *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 817 (9th Cir. 2018) (quotation omitted) (citation and quotation marks omitted) (emphasis in original).

Plaintiffs have made no effort to show that they will suffer irreparable injury if they do not receive the injunction they request, much less that such injury is "likely" absent the injunction. *Nat'l Wildlife Fed'n,* 886 F.3d at 817.

*Donovan* did not involve an injunction of a state court proceeding. In *Donovan* the state court injunction against proceeding elsewhere was appealed and reversed. Tierney has already made his *Donovan* objections in Florida. If that objection is overruled, he, like Donovan, can appeal. Plaintiffs have made no showing, and can make no showing, that requiring Tierney to litigate in the forum he agreed to can constitute irreparable harm.

If there is any threat of irreparable harm, the parties threatened are Defendants, who are being deprived of the benefit of the forum selection clause they bargained for and forced to litigate on multiple fronts.

### **CONCLUSION**

For the foregoing reasons, ICD respectfully requests that the Court deny Plaintiffs' motion to enjoin the pending Florida state court action.

---

[4] It is unclear from Plaintiffs' filings whether they are seeking a temporary or permanent injunction; the proposed order does not appear to have a time limit on its proposed relief, suggesting a permanent injunction.

DATED:  May 26, 2020

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: _/s/ Edward Takashima_

EDWARD H. TAKASHIMA, State Bar No. 270945
  *etakashima@bsfllp.com*
**BOIES SCHILLER FLEXNER LLP**
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
Telephone: (310) 752-2400
Facsimile:  (310) 752-2490


Counsel for Defendants ABS HEALTHCARE SERVICES, LLC and
HEALTH OPTION ONE, LLC