JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGACY INSURANCE SOLUTIONS LLC, et al., <br>         Plaintiffs, <br><br>              v. <br><br> ABS HEALTHCARE SERVICES, LLC, et al., <br>         Defendants. | CV 20-4097 DSF (JEMx) <br><br> Order GRANTING Motion to Remand (Dkt. No. 10) |

    Plaintiffs Legacy Insurance Solutions LLC and Bradley Tierney have moved to remand this case to state court. The case was removed based on diversity jurisdiction, but Plaintiffs claim that a Florida citizen, Adam Beeman, is a member of Legacy. If Legacy is a Florida citizen there is no diversity jurisdiction.

    The dispute is whether Beeman is actually a member of Legacy. Legacy is a California limited liability company. California law defines a "member" of an LLC as "a person that has become a member of a limited liability company under Section 17704.01 and has not dissociated under Section 17706.02." Cal. Corp. Code § 17701.02(p).

"If a limited liability company is to have more than one member upon formation, those persons become members as agreed by the persons before the formation of the limited liability company." Cal. Corp. Code § 17704.01(b).

      After formation of a limited liability company, a person becomes a member as follows:

> (1) As provided in the operating agreement.
>
> (2) As the result of a transaction effective under Article 10 (commencing with Section 17710.01).
>
> (3) With the consent of all the members.
>
> (4) If, within 90 consecutive days after the limited liability company ceases to have any members, the last person to have been a member, or the legal representative of that person, designates a person to become a member, and the designated person consents to become a member.

Cal. Corp. Code § 17704.01(c).  Further, "[a] person may become a member without acquiring a transferable interest and without making or being obligated to make a contribution to the limited liability company." Cal. Corp. Code § 17704.01(d).

Plaintiffs have submitted two operating agreements for Legacy – one purporting to have been executed on March 22, 2019 and an undated amended agreement that was apparently entered into recently and was purportedly effective as of April 15, 2019.  See Tierney Am. Decl. Ex. A, B.  Both agreements list Beeman as a member of Legacy.  The two documents are authenticated by Tierney, one of the members of Legacy and a signatory to the agreements.  Their authenticity is further bolstered by contemporaneous e-mail messages, Beeman's travel history, and by metadata evidence taken from what Plaintiffs and their counsel claim to be the native computer files that hold the agreements.  See generally Stahl Decl. and exhibits.

Defendants imply – without directly asserting – that the operating agreements are fraudulent.  The basis for this belief is that Beeman was not listed on various regulatory documents when he should have been if he was a member of Legacy.  But this doesn't necessarily imply that the operating agreements are fraudulent because it is at least equally plausible that Legacy's filings were inaccurate, either accidentally or intentionally.  This is especially true because Beeman is apparently a convicted felon so Legacy and its members may have had

2

an incentive to keep his involvement hidden from insurance regulators. The Court obviously does not condone attempting to mislead regulators – if that is what happened – but falsehoods on regulatory documents do not somehow negate Beeman's apparent membership in Legacy under California law or create federal subject matter jurisdiction where none exists.

Defendants also spend significant time in their opposition discussing Beeman's capital contributions to Legacy, or lack thereof, but, as noted earlier, capital contributions are explicitly not required for a person to be a member of an LLC under California law. Cal. Corp. Code § 17704.01(d). Defendants also claim that Plaintiffs have inappropriately refused to cooperate in jurisdictional discovery. The Court will not resolve this dispute because Defendants fail to point to any discovery they might have obtained that would alter the conclusion that Beeman is a member of Legacy.

Defendants also make a belated attempt to claim that Legacy is fraudulently joined. This basis for removal was not alleged in the notice of removal or any amendment within 30 days of removal, so Defendants cannot rely on it. ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1117 (9th Cir. 2000). And even if they had not forfeited the argument, Defendants have not established that Legacy could not state a claim and such failure is obvious according to the settled rules of California. See Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). Companies who have hired people allegedly bound by covenants not to compete have been unfair competition plaintiffs against the former employer under California law in the past. See AMN Healthcare Inc. v. Aya Healthcare Services, Inc., 28 Cal. App. 5th 923 (2018); Dowell v. Biosense Webster, Inc., 179 Cal. App. 4th 564 (2009). Given that, there is no reason to believe Legacy could not possibly recover on such a claim in these circumstances.

The Court finds Defendants have not established that diversity exists in this matter. The case is REMANDED to the Superior Court of California, County of Los Angeles. Plaintiffs' request for fees is

3

DENIED because there was an objective basis for removal given the inconsistencies in Legacy's regulatory filings.

   IT IS SO ORDERED.

Date: July 7, 2020                           _____
                                                    Dale S. Fischer
                                                    United States District Judge